### E. SIEWERSSEN v. HARRIS COUNTY ET AL.

Decided December 8, 1905.

**1.—Erroneous Charge—No Reversal.**

A judgment will not be reversed and the cause remanded because of an erroneous charge when, under the undisputed evidence, no other verdict could have been rendered than that which was rendered.

**2.—County not Liable for Defective Roadway.**

A county is not liable for the flooding of private property by reason of the defective construction of its public roads.

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Tharp & Whitehead,* for plaintiff in error.—Plaintiff's petition states a good cause of action against defendants. Rev. Stats., arts. 1183, 4436; Sabine & E. T. Ry. v. Hadnot, 67 Texas, 503; Galveston, H. & S. A. Ry. Co. v. Tate, 63 Texas, 224; Gulf, C. & S. F. Ry. Co. v. Helsley, 62 Texas, 595.

The charges complained of in the second and third assignments of error were not based on any issue of the case made by the pleadings or evidence and were misleading. Fort Worth & D. C. Ry. v. Measles, 81 Texas, 478; Pumphrey v. St. Louis & I. M. Ry., 37 S. W. Rep., 361.

*Baker, Botts, Parker & Garwood, Andrews, Ball & Streetman* and *C. L. Carter,* for defendant in error Texas & New Orleans Railway Company.—Because reasonable minds could not differ in finding that the railroad company was not liable, the court properly instructed a verdict for said company. Joske v. Irvine, 44 S. W. Rep., 1059; Lee v. International & G. N. Ry., 89 Texas, 588.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by plaintiff in error against Texas & New Orleans Railway Company, and Harris County, to recover damages for injury alleged to have been caused a growing crop upon land owned by appellant and adjoining the right of way of defendant railroad in Harris County. Plaintiff's cause of action is thus set out in his petition:

"That the defendant, the Texas & New Orleans Railroad Company has owned and operated for five years last past, and still owns and operates a certain line of railroad extending eastward through Harris County to the San Jacinto River and on eastward to the city of New Orleans. Which railroad passes the station called Sheldon, in Harris County, at a point about one and one-fourth miles west of the San Jacinto River.

That prior to the injury complained of, the said railroad company dug a large ditch along its railroad track on its right of way beginning about two hundred yards westward from Sheldon, and extending along its said railroad track on the northwest side thereof a distance of about five miles. Which ditch has no outlet or place to discharge its waters except a certain culvert constructed through said railroad at a point about a mile and one-quarter westward from Sheldon. Which said culvert is about fifty feet wide and about six feet deep through said railroad track.

That Harris County, about the year 1901, constructed and graded a public road from a point about five miles southwest from Sheldon, extending northeastward adjacent to said railroad track and on the south side thereof, and in the construction of said road Harris County dug a certain ditch along the south or southeast side thereof, which ditch extends northeastward to San Jacinto River. And at a point about one and one-fourth miles southwestward from Sheldon and adjacent to the aforesaid railroad culvert, Harris County constructed a culvert through its said public road about forty feet wide, and about five feet deep. Which said culvert opened into said public road ditch, which is about twelve feet wide and about four feet deep at said point, and as it extends northeastward it gradually grows shallower until it reaches the distance of about 3,000 feet where it is only about 18 inches deep, and in extending further in the direction of the San Jacinto River it varies in depth from one foot to 18 inches deep at different places until it reaches an embankment a short distance northeast from Sheldon, but was not constructed to the San Jacinto River. The said public road, which is graded, together with its ditches and culverts, is owned by Harris County, and was constructed by said county for the public use of its citizens. That said county road ditch stands full of water adjacent to said culvert, and for a distance of several hundred yards on either side about all of the year, but the portion of the ditch extending northeastward from said point is dry, except in the rainy season. Said ditch

is entirely too small and insufficient to carry off the water which is turned into it by the aforesaid culverts, and whenever there is a large rain, the country south of said public road and between said culvert and Sheldon is overflowed by water, which frequently remains in the country for a number of days.

"The plaintiff is the owner of lot No. 3, of the John Jones league in Harris County, containing 975 acres and situated for the most part south of the Texas & New Orleans railroad track and said county public road and south of Sheldon. That during the last six years plaintiff has occupied, possessed and cultivated a portion of said tract, and the same has been by him at great expense, put in a high state of cultivation." (Here follows a description of plaintiff's property with its levees and ditches, and the crops growing upon the same, also a description of his fruit orchard, for injury to which he claims damages.)

"That of that portion of the country lying west of Sheldon for the distance of about six miles and on both sides of said Texas & New Orleans railroad track and extending six or eight miles north and for several miles south of said railroad track, the natural drainage is from northwest to southwest, but there is no regular water-course to collect and hold the surface water within bounds, hence the surface water falling on the aforesaid land north of said railroad track collects in the said railroad ditch and is conducted to the said culvert and there passes southward to the south side of said railroad and through the adjacent culvert of said county public road and into said Harris County road ditch." (Here follows a description of plaintiff's sugar crop for the year 1902, and the damages thereto.)

"Beginning about the 1st day of December, 1902, and extending through said month and the months of January and February, 1903, was a rainy season in Harris County, and by reason of said Texas & New Orleans railroad track not being provided with the necessary culverts or ditches at the place aforesaid, the surface water for about 25 square miles adjacent to said railroad and on the north side thereof flowed in a southeasterly direction to said railroad embankment, filled said railroad ditch and overflowed back from said railroad northwesterly for several miles, and filled said railroad culvert entirely, and was conducted through said public road culvert where it filled said public road ditch its full length, and by reason of the great volume of water so turned into it, flowed southeasterly across a small tract of uncultivated land and entered upon the plaintiff's said fruit orchard and sugar cane field. The said water accumulated and flowed as aforesaid during about the entire months of December, 1902, January and February, 1903, and plaintiff's said orchard and sugar cane field were flooded with water about said entire time." (Here follows an itemized account of plaintiff's losses which amounted in the aggregate to $10,656.)

Each of the defendants answered by general demurrer and general denial and by special plea in which it is averred in substance that if plaintiff's crop was damaged as alleged in his petition such damage was caused by his contributory negligence in failing to construct proper ditches for the drainage of his farm.

There was a jury trial in the court below which resulted in a verdict and judgment in favor of the defendants.

The first assignment of error complains of the following paragraph of the court's charge:

"The plaintiff does not allege that the railroad diverted any water out of its natural channel or diverted a greater quantity of water into its culverts than would naturally have flowed into it, but only alleges that it did not provide the necessary culvert or sluices to carry the water away, and alleges that the water filled the railroad culvert and was conducted through said culvert to the public road ditch, therefore, under the allegations of the petition and testimony in the case, you will find for the defendant, the Texas & New Orleans Railroad Company, and then enquire whether Harris County is liable."

It is contended that this charge is erroneous because the allegations of plaintiff's petition were sufficient to charge the defendant railway company with diverting water from its natural course, and thereby causing the damage to plaintiff alleged in the petition.

It may be conceded that this contention is sound, and yet the error in the charge will not authorize a reversal of the judgment, because the undisputed evidence shows that the overflow of plaintiff's land, by which the injury complained of was occasioned, was not caused by the alleged negligence of the railway company, and therefore the jury were properly instructed to return a verdict in its favor, and the question of the soundness of the reason given by the trial court for such instruction is immaterial. The uncontradicted evidence shows that none of the water which collected upon the north side of the railroad track and was carried by the ditches dug by said company through the culvert mentioned in the petition, and which plaintiff claims overflowed his farm and destroyed his crop, could have injured plaintiff's crop or overflowed his farm if its natural flow after passing through said culvert had not been diverted by the ditch dug by the county of Harris along its public road across plaintiff's farm. Under this evidence it matters not how negligent the railroad company may have been in diverting the natural flow of the water on the north side of its track.

The second and third assignments of error assail the following paragraphs of the charge:

"If you believe from the evidence that the ditch constructed by the county of Harris, running from the culvert eastwardly and northeastwardly towards Sheldon, was too small to hold and conduct the water which experience had shown might fall in that section, and that by reason thereof the water overflowed the plaintiff's land in greater quantities than would have flowed on it naturally if there had been no ditch, and that thereby plaintiff's property was injured, you will find for the plaintiff and assess his damages at what you believe is the fair value, etc. And find against the county of Harris if you find it to be liable."

"On the other hand, if you believe that the ditch was sufficient to carry off the water that would ordinarily be expected to fall, and that the overflow on plaintiff's land, if any there was, was not occasioned by any defect in size or manner of construction of the ditch, you will find for the defendant, Harris County."

The objection urged to these paragraphs of the charge is that they only permit a verdict against the county in the event the jury should

find that "the ditch was insufficient to carry off the water that would ordinarily be expected to fall," and it is contended that by the use of this language the jury could not consider the sufficiency of the ditch to carry off the water which flowed through the railroad culvert.

We do not think the jury could have so understood the charge. The assignment is without merit for the further reason that the petition and all the evidence shows that the overflow of plaintiff's farm from the ditch dug by Harris County was due to the negligent construction of said ditch and was therefore not a taking or an injury to private property for which the county could be held liable. Heegel v. Wichita County, 84 Texas, 392; Nussbaum v. Bell County, 8 Texas Ct. Rep., 315.

We think the undisputed evidence shows that neither of defendants in error are liable for the injuries complained of by plaintiff, and the judgment of the court below in their favor should be affirmed.

*Affirmed.*

Writ of error refused.