COONSE *v.* BECHOLD, ADMINISTRATRIX.

[No. 10,136. Filed December 18, 1919.]

1. NEGLIGENCE.—*Automobiles.*—*Liability of One Not Present.*—There can be no recovery for negligent operation of an automobile against one not present, and having nothing to do with the operation of the automobile, except on the theory that the operator was his servant. p. 664.

2. MASTER AND SERVANT.—*Relationship.*—*Evidence.*—Where the only evidence of relationship between defendants is that one had sold the other an automobile, retaining title and the right to retake possession until the price was fully paid, there is not a particle of evidence to show that the buyer was the servant of the seller in the operation of the machine in a separate taxi business of his own, over which the seller had no control. p. 665.

From Marion Superior Court (103,303); *Theophilus J. Moll,* Judge.

Action by Lillian E. Bechold, administratrix of the estate of Fred Bechold, deceased, against Harvey Coonse and others. From a judgment for plaintiff, the named defendant appeals. *Reversed.*

*Clarke & Clarke,* for appellant.
*William E. Reiley* and *Paul G. Davis,* for appellee.

McMahan, J.—This action was commenced by appellee against Harvey Coonse, Scott Frazier and Isaac Pinkus for the death of her decedent, which she alleges was caused by the negligence of said defendants in the operation of an automobile. The cause was tried by a jury and resulted in a verdict in favor of appellee against the defendants Coonse and Frazier and in favor of the defendant Pinkus. The jury in connection with the general verdict answered certain interrogatories. Judgment having been rendered in favor of appellee on the general verdict, the defendant Coonse has appealed.

The first contention of appellant is that the court erred in overruling his motion for judgment on the interrogatories and answers. He contends that under the complaint there can be no recovery against him except upon the theory that Frazier, who was operating the automobile, was his servant in its operation at the time of the accident, and that the court erred in overruling his motion for judgment on the answers to the interrogatories, for the reason that they show that he was not present at the time, had nothing to do with the operation of the automobile, and that Frazier was not his servant.

We agree with appellant in the statement that there can be no recovery against him except on the theory that Frazier was his servant in the operation of the automobile at the time of the accident, but we cannot agree with him in the statement that answers to the interrogatories disclose that Frazier was not his servant. But, in view of the fact that the cause must be

reversed for other reasons, we do not deem it necessary to enter into a discussion of the interrogatories and the answers thereto.

Appellant also contends that the court erred in overruling his motion for a new trial for the reason that the verdict is not sustained by sufficient evidence. The evidence shows without conflict that the decedent was killed on October 20, 1915, by being struck by an automobile driven by Scott Frazier. On and prior to July 31, 1915, the appellant was the owner of the automobile driven by Frazier at the time of the accident, and on said date he sold the same to Frazier. Frazier gave the appellant his note for $500, the purchase price, and assumed and agreed to pay a garage and repair bill amounting to about $90. Frazier borrowed a sufficient amount of money from the defendant Pinkus to pay the garage and repair bill. There was a contract between appellant and Frazier in which it was provided that the title to the automobile so sold should remain in the appellant until it was paid for, and that the note was to be paid in installments of $50 per month. Frazier purchased said car for the purpose of operating it as a taxicab, and had been operating it as such from the time he purchased it until the time of the accident. He had no other business, and whatever money he paid to appellant on the purchase price of the automobile was paid out of his earnings. There is no evidence that the appellant had any control over the conduct of Frazier in operating the automobile, or that Frazier was required to make any report to him concerning the operating of the automobile or the business in which it was being used. All the right that appellant had in the matter was, in

case the installments on the purchase price were not paid as they became due, to take possession of the car. There is not a particle of evidence in the record to show that Frazier was an employe or servant of appellant. That being true, the court erred in overruling the motion for a new trial.

Judgment reversed for proceedings not inconsistent with this opinion.