F. R. WHITNEY, Appellant, v. EMPLOYERS INDEMNITY CORPORA-
TION, Appellee.

**JUDGMENT:**   **Conclusiveness—Judgment Between Third Parties—Un-**
**1   certainty of Issue Decided.**   A party may not claim that an issue
was adjudicated in his favor in an action to which he was not a
party, when the judgment was entered on a *numerous-grounded* mo-
tion for a directed verdict, sustained generally.

**APPEAL AND ERROR:**   **Scope of Review—Judgment on Numerous-**
**2   Grounded Motion.**   On appeal, a judgment which is based on a
numerous-grounded motion, sustained generally, will be upheld if
.any of the numerous assigned grounds ·are. good, even though the
court based it on a ground that was not good.

**INSURANCE:**   **Automobile Indemnity—Nonpermissible Action Against**
**3   Insurer.**   A policy of automobile indemnity which, in effect, grants
to ,a third party, in order to recover damages caused by the auto-
mobile in question, a right of action against the insurer when the
automobile is being used with the "express or implied consent of
the insured," necessarily has no application when, at the time of
the injury, the insured *has parted with all title to the vehicle*.

Headnote 1:   34 C. J. pp. 920, 923 (Anno.)   **Headnote 2:**   4 C. J. p.
662.   Headnote 3:   28 Cyc. p. 50 (Anno.)   ·

*Appeal from Woodbury District Court.*—C. C. HAMILTON,
Judge.

FEBRUARY 17, 1925.

REHEARING DENIED MAY 16, 1925.

ACTION to recover on indemnity policy and from a directed verdict against the plaintiff. Plaintiff appeals.—*Affirmed.*

*Oliver, Harding, Oliver & Royal,* for appellant.

*Kindig, McGill, Stewart & Hatfield,* for appellee.

ALBERT, J.—On June 30, 1922, one Fenlon, while driving a Ford roadster, engine No. 5146187, collided with the car of plaintiff; and the plaintiff asks to hold the defendant liable for damages to plaintiff's car by reason of said collision. The following facts are admitted or proved in the case:

Fenlon was a salesman for the O. J. Moore Grocery Company, and that company was the owner of the aforesaid Ford roadster. The company sold Fenlon the car, under what is agreed to have been a conditional sales contract. The method of payment for said car was that the grocery company was to deduct $50 a month from Fenlon's commissions as salesman, until the car was fully paid for; and the company retained title until the full amount was paid.

Fenlon quit working for the grocery company about the 10th of June, 1922, and was employed by John Cook & Sons, of Chicago, at a salary of $40 per week. After he quit working for the Moore Company, he had no connection or relation whatever with the said company, except that, by some arrangement between Cook & Sons and the grocery company, directions were issued by the grocery company to Fenlon as to the territory in which he should work.

The defendant company had in existence, prior to the 26th day of June, a policy of insurance, reference to which will hereinafter be made, issued to the said grocery company, covering some 26 automobiles and 5 trucks. Among others was listed the said Ford roadster. This policy expired on the 26th of June, 1922, and a new policy was issued by defendants to said grocery company on that date; and among the cars scheduled in this last named policy was the aforesaid roadster.

Shortly after the time of the accident above referred to,

the plaintiff brought an action against the grocery company and
Fenlon for damages to plaintiff's car. That action was tried
out, and resulted in a directed verdict in favor of the grocery
company, and a judgment for $1,000 and costs against Fenlon.
The plaintiff issued an execution on said judgment against the
property of Fenlon, and the same was returned *nulla bona*.
Plaintiff then commenced this action against the defendant com-
pany. By way of defense, one of the matters pleaded was the
judgment in the aforesaid action of Whitney v. Grocery Co.
and Fenlon. It is claimed that this should be treated as an
adjudication in this case, that the grocery company was not the
owner of the car in question at the time of the accident.

There seem to be two answers to this proposition, either
of which is all-sufficient: First, the defendant in this case was
not a party to that action; and secondly, the motion made by
the grocery company in that proceeding, which
resulted in a directed verdict in its favor, con-
tains several grounds, and the same was sus-
tained generally by the court. This being true,
it cannot be said that it was sustained by the court on any par-
ticular ground. Hence, the question of the ownership is left at
large. *Matson v. Poncin,* 152 Iowa 569; *Griffith v. Fields &
Bryant,* 105 Iowa 362.

<div style="margin-left:2em">1. JUDGMENT: con-<br>clusiveness:<br>judgment be-<br>tween third par-<br>ties: uncertainty<br>of issue decided.</div>

After the plaintiff had introduced evidence in this case,
each party made a motion to direct a verdict in his favor. The
plaintiff's motion was overruled, and the defendant's motion
was sustained. *The motion by the defendant to
direct a verdict in its favor contained nineteen
different grounds.* The court, in ruling on the
same, discussed the question of effect of the
trial of the first case against the grocery company, and was of
the notion that it amounted to an adjudication of the present
case; but he does not say that he puts his ruling on that ground,
but sustains the motion as a whole. Yet, in this appeal, if any
one or more of the grounds in the motion made by the defend-
ant to direct a verdict was good, the action of the district court
must be affirmed, regardless of whether the reason given by the
district court for sustaining the motion was tenable or not.
*Thomas v. Illinois Cent. R. Co.,* 169 Iowa 337; *McDonald v.*

<div style="margin-left:2em">2. APPEAL AND<br>ERROR: scope of<br>review: judg-<br>ment on numer-<br>ous-grounded<br>motion.</div>

*Mutual Life Ins. Co.,* 178 Iowa 863; *Johnson v. H. M. Bullard Co.,* 95 Conn. 251 (111 Atl. 70); *Bank of Havelock v. Western Union Tel. Co.,* 72 C. C. A. 580 (141 Fed. 522); *Siewerssen v. Harris County,* 41 Tex. Civ. App. 115 (91 S. W. 333).

It appears that, at the time Fenlon was about to leave the employ of the grocery company, some question arose about this automobile; as, under the contract then existing, the company was to deduct its monthly payment from the commissions earned by Fenlon while working for the grocery company. On a severance of this relation, some other arrangement would have to be made. In discussing this question with the grocery company, Fenlon said:

3. INSURANCE: automobile indemnity: nonpermissible action against insurer.

"I told him [a representative of the grocery company] I had the car just about paid for, and would like to keep it, and I would pay him $50 every month as the payment on the car. He said that was satisfactory."

This occurred before the policy herein sued on was issued. This question becomes important, as will be noted in what is said later in this opinion, and reference will again be made to it.

The material part of the policy sued on is as follows:

"Employers Indemnity Corporation does hereby agree: 1. To indemnify the assured named in the schedule against loss or expense arising or resulting from claims upon the assured for damages on account of (a) Bodily injury suffered by any person or persons other than the employee of the assured, by reason of the ownership, maintenance or use of any automobile described in the schedule; (b) injuries to or the destruction of property of others, by reason of the ownership, maintenance or use of any automobile described in the schedule.

"CONDITIONS AND AGREEMENTS

"(e) If an execution or a judgment against the assured, in an action for damages resulting from casualty covered by this policy, be returned unsatisfied, the judgment creditor shall have a right of action against the corporation to the same extent that the assured would have had if such judgment had been paid by the assured.

"(L). While the automobile covered by this policy is being used with the express or implied consent of the assured named

in the policy * * * it is agreed that any insurance granted by this policy shall, in addition to the said named assured, inure to the benefit of any person responsible for the operation of the said automobile.''

The crucial question in the case is whether or not the plaintiff herein has any right of action against the defendant insurance company, by reason of the terms of this policy.

The defendant company, aside from its contention and plea of former adjudication, plants itself squarely on the first provision of said policy, hereinbefore quoted, that it only covers losses of the assured (the grocery company) for bodily injury, or injuries to or destruction of property of others *by reason of the ownership, maintenance, or use of any automobile described in the schedule.* (The Ford roadster in question was described in the schedule.)

Much stress is laid in argument on the question of what is insurable interest; but, in the view we take of the case, that question is not material. The defendant concedes that, if the grocery company owned, maintained, or used this automobile, plaintiff would be entitled to recover herein; but they urge that, at the time of the accident and at the time of the making of this policy of insurance, the grocery company did not own, maintain, or use said automobile, and that, therefore, the company was not liable. As to this contention, further reference will be made.

Appellant says that what constitutes the omnibus clause, to wit, Subdivision L of the policy, heretofore set out, made the policy inure to the benefit of Fenlon herein. That being true, Paragraph e of said policy authorized the plaintiff herein to sue thereon, and entitles him to recover herein.

It is to be noted that said Paragraph L provides that, while the automobile in question is being used with the express or implied consent of the assured named in the policy, it is agreed that any insurance granted by this policy shall, in addition to the said named assured, inure to the benefit of any person responsible for the operation of the said automobile. To fit the facts to this provision of the policy, it would read: While the Ford roadster covered by this policy is being used with the express or implied consent of the Moore Grocery Company, it is agreed that any insurance granted by this policy shall, in addi-

tion to the said Moore Grocery Company, inure to the benefit of Fenlon.

By thus filling in the names of the parties, it will be seen that, if the grocery company consented, either expressly or impliedly, to Fenlon's operation of this car, then the policy would inure to the benefit of Fenlon. No elaboration need be made of this, because it makes a clear statement of just what the policy covers.

Of course, this clause, in itself, did not give the plaintiff herein a right to sue the insurance company; but he obtained a judgment against Fenlon for these damages, and execution was returned unsatisfied thereon. Under Clause e, hereinbefore set out, such judgment creditor is given a right, under the terms of said policy, to bring an action against the corporation, to the same extent that the assured would have had, if such judgment had been paid by the assured.

To determine whether or not the aforesaid omnibus clause, L, is applicable to the situation before us, we of necessity must determine what the relation was between the grocery company and Fenlon.

Plaintiff says that Fenlon was operating the car with the consent, either expressed or implied, of the grocery company. To successfully maintain this contention, the grocery company's relation to said car must be shown to be such that they were in a position to give their consent. In other words, if Fenlon absolutely owned the car, the consent or want of consent on the part of the grocery company would have nothing to do with this lawsuit.

Fenlon's possession of the car is best explained in these words, taken from an exhibit in the case:

"We will lend you this Ford roadster car, engine No. 5146187, at a monthly rental of $50 per month, which amount will be deducted from your earnings each month, and when such payment shall amount to $606.76 we will give you title to the car. Above amount covers fire, theft and liability insurance, license and extra tire."

Fenlon accepted the car under these conditions, on the 2d day of September, 1921. Counsel practically concede that this transaction amounts to a conditional sale. Later, when Fen-

lon left the employ of the grocery company, the relation between the grocery company and the car and Fenlon is measured by the testimony of Fenlon hereinbefore set out.

The final analysis of the whole case must turn upon the question of who was the owner of the car at the time the policy of insurance sued on herein was issued, and at the time of the accident, which was four days later. If the grocery company was the owner of the car at the time, it could have given the consent required by the omnibus clause L. If it was not the owner, then, of course, the omnibus clause L would not operate, and there would be no basis for the operation of Clause e.

In the case of *Davidson v. Hawkeye Ins. Co.,* 71 Iowa 532, suit was based on an insurance policy which provided that the policy should be void in case the assured conveyed or incumbered the property, without the written consent of the company. The plaintiff, Davidson, in the case, owned the property, and sold it to Lint, under written contract, for $400, to be paid, $50 down, and the balance in six installments. Lint took possession of the property under the contract, and occupied it until it was destroyed by fire, before the first payment became due. It was held that such contract constituted a sale of real estate, within the meaning of the policy, and that Lint was the real owner of the house that burned.

Applying this line of logic to the facts in this case, in the event of the destruction of or injury to the roadster in question, the loss would surely have been the loss of Fenlon, and not the loss of the grocery company. As throwing some light on this same question, see *Downey v. Bay State St. R. Co.,* 225 Mass. 281 (114 N. E. 207); *Coonse v. Bechold,* 71 Ind. App. 663 (125 N. E. 416).

It is our conclusion that, at the time in controversy herein, the grocery company was not the owner of the car, within the meaning of the first paragraph hereinbefore referred to, and that, not being the owner of the car, it was not in a position to give the consent provided for in Paragraph L, the omnibus clause. Plaintiff, therefore, showed no cause of action against the defendant herein, and the district court rightfully directed the verdict in favor of the defendant.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.