MOLLIE BESS, BY ISRAEL GALENTER, NEXT FRIEND, AND ISRAEL GALENTER, INDIVIDUALLY, RESPONDENTS, v. COMMONWEALTH CASUALTY COMPANY, APPELLANT.

Submitted February 9, 1925—Decided March 16, 1925.

The obligation and undertaking of an insurance company, under its contract of insurance, in pursuance of the provisions and requirements of the act entitled "An act concerning auto-buses, commonly called jitneys, and their operation in cities," approved March 17th, 1916 (*Pamph. L.* 1916, *p.* 283, *ch.* 136), is to make payment of a final judgment recovered by any person on account of the ownership, maintenance and use of such auto-bus, when such final judgment is for damages on account of bodily injury or death, suffered by any person or persons as a result of an accident occurring by reason of the ownership, maintenance or use of such auto-bus upon the public streets, by the assured named in the contract or policy of insurance, or where such maintenance and use is legally chargeable to such assured.

On appeal from the Supreme Court.

For the respondents, *Alexander Seclow* and *Richard Boardman*.

For the appellant, *Alfred Brenner*.

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment entered in the Supreme Court in favor of Mollie Bess against appellant in an action tried by Judge Cutler at Hudson Circuit, without a jury, upon the following agreed state of facts:

1. On January 3d, 1919, appellant issued to Patsy Pirozi an automobile liability policy. This policy purported to cover a Reo car, No. 22649, which was a jitney bus owned by Andrew Petti. The policy was not transferred by Pirozi to Petti, but was filed with the city treasurer of Bayonne.

2. Prior and subsequent to January 3d, 1919, Andrew

Petti owned the bus and operated it over the streets of Bayonne.

3. On January 9th, 1919, Mollie Bess was injured through the negligent operation of the bus while it was owned and operated by Petti. At the time of her injury the bus was being used and operated in Bayonne for the purpose of carrying passengers.

4. To recover for the injuries sustained by Mollie Bess and the loss sustained by her father, Israel Galenter, suit was instituted in the Supreme Court at Hudson Circuit against Patsy Pirozi and Andrew Petti.

5. At the first trial a nonsuit was directed as to Patsy Pirozi on the ground that he was neither the owner nor operator of the bus.

The jury disagreed as to the liability of Andrew Petti. At the second trial a verdict was rendered against Andrew Petti and in favor of Mollie Bess for five thousand ($5,000) dollars, and in favor of Israel Galenter in the sum of one thousand ($1,000) dollars and judgments entered thereon, from which an appeal was taken, and thereon the judgments were affirmed, with costs.

6. No payment has been made by respondent on account of said judgments, it contending that it incurred no liability, because it had issued no policy of insurance to Andrew Petti, and had never consented to transfer any policy of insurance held by Pirozi or any other person to Petti.

7. The license to operate the bus in question as a jitney was issued by the Bayonne authorities to Patsy Pirozi, and this license was transferred to the name of Andrew Petti by the Bayonne authorities the day after the accident.

8. Andrew Petti was the owner of the bus and was operating the same as a jitney bus prior to, at the time of and subsequent to the accident.

9. January 15th, 1919, the following endorsement was made on the policy:

"Interest of former owner having ceased title of ownership now vested in Andrew Petti, of 78 W. 21st street, Bayonne, N. J."

The trial court found—

1. That Israel Galenter, not having suffered bodily injury in the accident, cannot recover upon this policy, and the court finds in favor of the defendant and against the appellant Israel Galenter.

2. That Mollie Bess can recover upon this policy her judgment of five thousand ($5,000) dollars, with interest, from December 11th, 1920, and the court finds in favor of the said Mollie Bess and against the defendant, the Commonwealth Casualty Company of Philadelphia, a corporation, for six thousand one hundred and fifty-five ($6,155) dollars.

From the judgment entered in favor of Mollie Bess, the defendant below appeals upon two grounds—

1. Because the trial court erred in refusing to direct a verdict in favor of the defendant.

2. Because the trial court erred in deciding in favor of the plaintiff upon the stipulated and agreed state of facts.

There is nothing in the state of case indicating any motion to direct a verdict. We are concerned, therefore, with the second ground only.

The sole contention of appellant is that its policy was not issued to Petti but to Pirozi. That it has the right to measure its risk by the person to whom it issues its policy. That it was willing to insure Pirozi and the public under the ownership and operation of Pirozi, but might not have been willing to do so under Petti.

The policy contained the following endorsement required by the Jitney act (*Pamph. L.* 1916, *p.* 283):

"Notwithstanding anything herein contained to the contrary, this company will pay any final judgment within the terms and limits of this policy and as stipulated in endorsement attached hereto, recovered by any person or persons on account of the ownership, maintenance and use of the automobile described herein, or any fault in respect thereto, in accordance with the conditions of liability as described in this policy, and it is further understood that this policy shall be for the benefit of every person suffering loss, damage or injury as described in this policy, or as described in the

terms of an act entitled "An act concerning auto-buses, commonly called jitneys, their operation in cities," approved March 17th, 1916, and known as chapter 136 of the laws of 1916 of New Jersey.

The statutory liability referred to in the foregoing endorsement is to be found in *Pamph. L.* 1916, *ch.* 136, commonly known as the Jitney act. Section 2 of such act provides that no auto-bus shall be operated in any city until the *owner* thereof shall obtain the consent of the body having control of the public streets; that no such consent shall become effective until the owner of the bus shall have filed with the chief fiscal officer of the city an insurance policy in the sum of five thousand ($5,000) dollars "against loss from liability imposed by law upon the auto-bus *owner* for damages on account of bodily injury or death suffered by any person or persons as a result of an accident occurring by reason of the *ownership, maintenance* or *use* of such auto-bus upon the public streets of such city * * * such insurance policy shall provide for the payment of any final judgment recovered by any person on account of the ownership, maintenance and use of such auto-bus or any fault in respect thereto, and shall be for the benefit of every person suffering loss, damage or injury as aforesaid * * *."

The matter must be determined and depend upon the result of the construction of the contract of appellant.

Such contract may be said to be twofold—that which it voluntarily undertook and that which was thereupon imposed upon it by statute. The Jitney act, *Pamph. L.* 1916, *ch.* 136, *supra.*

As to the first, the appellant's contract was to insure and indemnify Patsy Pirozi, as assured, "against loss from the liability imposed by law upon the assured, for damages on account of bodily injuries or death [or both] accidentally suffered, or alleged to have been suffered, by any person or persons not employed by the assured by reason of the ownership, maintenance or use of the automobile * * * enumerated or described herein; provided, such injuries or death [or both] be the result of accidents occurring during the period this policy is in force."

As to the second, that imposed by the statute, the appellant's contract was "the payment of any final judgment recovered by any person on account of the ownership, maintenance and use of such auto-bus or any fault in respect thereto, and shall be for the benefit of every person suffering loss, damage or injury as aforesaid." Such liability is based and predicated upon "damages on account of bodily injury or death suffered by any person or persons as a result of an accident occurring by reason of the ownership, maintenance or use of such bus upon the public streets \* \* \*." In the case *sub judice* the injury did not result from an accident occurring by reason of the bus in question on account of the ownership, maintenance or use thereof by the assured, Patsy Pirozi.

But in the case before us, the final judgment of Mollie Bess is for damages for bodily injury suffered as a result of an accident occurring by reason of the ownership, maintenance or use of the auto-bus by Andrew Petti, and not the assured, Patsy Pirozi.

It is therefore outside of and no part of the undertaking of the appellant.

Such conclusion in nowise runs counter to *Gillard* v. *Manufacturers' Casualty Insurance Co.*, 92 *N. J. L.* 141, affirmed in this court, 93 *Id.* 215; *Boyle* v. *Manufacturers' Liability Insurance Co.*, 96 *Id.* 380, or *Connell* v. *Commonwealth Casualty Co.*, 96 *Id.* 510.

In the court below Israel Galenter was also a party plaintiff seeking recovery on a final judgment recovered by him for money loss caused by the injuries to his daughter, Mollie Bess. The court below found against him and in favor of the defendant. That judgment is not appealed from.

The judgment below, in favor of Mollie Bess and against the respondent, is reversed, with costs.

*For affirmance*—KALISCH, VAN BUSKIRK, JJ.    2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, CLARK, MCGLENNON, KAYS, JJ.    13.