**SOUTHERN SURETY CO. et al. v. McGUIRE et ux. (No. 1717.)**

(Court of Civil Appeals of Texas. El Paso. June 18, 1925. Rehearing Denied Oct. 5, 1925.)

**1. Highways ⬩115(1)—County not liable for agent's negligence in road construction.**

County is not liable for damages to private property, caused by negligence of its agents in construction of road.

**2. Eminent domain ⬩69—County liable for private property, properly taken in construction of road.**

County is liable for damages, when it properly exercises its authority to take or damage private property in construction of road and necessary drainage ditches in connection therewith.

**3. Highways ⬩115(1)—County liable for improper construction done under its direction.**

County is liable for damages caused by improper method of construction, when manner in which agent does work is under direction of county, even though in exercise of due care work might have been done so as to avoid injury.

**4. Highways ⬩115(1)—Allegation that water was diverted by reason of construction of road under direction of county states cause of action against county.**

Petition containing general allegations that water diverted from creek when in flood was caused by negligent construction of road and ditch, and that road was constructed according to specifications of contract with county and under direction of county, states a cause of action against county under Rev. St. 1911, art. 6935.

**5. Highways ⬩115(1)—Not necessary to file claim for damages resulting from highway construction with county auditor.**

Suit may be brought for damages by reason of negligent construction of highway against county without having filed claim with county auditor; Rev. St. 1911, art. 1481, having no application to such claim when construed in connection with article 1484, forbidding auditor to audit or approve such claims.

**6. Highways ⬩115(1)—Claims for damages from negligent construction of highways may be presented orally to commissioners' court.**

Under Rev. St. 1911, art. 1366, claims for damages resulting from negligent construction of highways may be presented orally in commissioners' court.

**7. Highways ⬩115(1)—County liable for injuries to private property, caused by building of road.**

Rev. St. 1911, art. 638, providing that road districts shall not be liable for torts, imposes liability on county to make compensation for injuries to private property caused by building of road.

**8. Highways ⬩115(1)—Duty of county to segregate amount of damage for which it is liable as against contractor's liability in construction of highway.**

Where, in suit against county for damages caused by negligent construction of highway, evidence showed that county was partly liable and contractor partly liable, it was incumbent on county to segregate the amount of damage caused by its act, and in order to relieve itself from liability for entire damage.

**9. Highways ⬩115(1)—Contractor not liable for damages caused by his act and act of county in highway construction, unless county shows extent of contractor's damage.**

Where, in constructing highway, damage, to private property resulted from acts of contractor and acts of county, surety company succeeding to contractors' liabilities would not be held liable for contractor's damage, unless county showed the extent of damage caused by his negligence.

**10. Appeal and error ⬩496—Failure to show due service on defendant in default judgment other than by recitals of judgment insufficient.**

On appeal from judgment by default, record must show appearance by defendant, or due service, independent of recitals in judgment.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Suit by J. E. McGuire and wife against Comanche County, Special Road District No. 4, the Southern Surety Company, and others. From a judgment for plaintiff against the County and the Road District, and for the County against the Southern Surety Company, the County, the Road District, and the Southern Surety Company appeal. Reversed and rendered.

Hampton & Hampton, of De Leon, and Ghent Sanderford and Y. W. Holmes, both of Comanche, and John T. Suggs, of Denison, for appellants.

Smith & Woodruff, Callaway & Callaway, and Jerome P. Kearby, all of Comanche, for appellees.

HIGGINS, J. McGuire and wife, appellees, brought this suit against Comanche county, special road district No. 4 of said county, the Southern Surety Company, L. D. Parks, county engineer of said county, and the surety upon Park's official bond, the American Surety Company, to recover damages to a tract of land owned by the McGuires, alleged to have been caused by the construction of a highway. Judgment was rendered in favor of the McGuires against the county and the road district for $2,100; in favor of the county for a like amount over against the Southern Surety Company. Judgment was rendered in favor of Parks and the American Surety Company, and they will not be fur-

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ther noticed, as the correctness of the judgment in their favor is not questioned.

The county, the road district, and Southern Surety Company, hereinafter designated as surety company, appeal.

Succinctly stated, the jury found: (1) The claim sued upon was presented to the commissioners' court of the county for allowance prior to the filing of suit; (2) the plaintiffs did not, for a valuable consideration, release the county from the wrongs or injuries complained of; (3) the highway, as constructed, diverted the flow of water over plaintiffs' land from the place it would naturally flow; (4) such diversion caused greater injury to the land than would have been caused had the water been permitted to flow naturally; (5) thereby damaging plaintiffs in the sum of $2,100; (6) the commissioners' court accepted the road from the contractors during the month of November, 1922; (7) all damage was occasioned before such acceptance.

The plaintiffs' land was in the Rush creek bottom. The highway was built north from the creek. The banks of the creek were higher than the land farther removed. Plaintiffs' land was adjacent to and east of the highway. Opposite plaintiffs' land the road was built upon an embankment 6 to 10 feet high. About 1,000 feet north of the creek, and opposite plaintiffs' land, a relief opening or sluiceway was built in the embankment 100 feet long. In building the embankment, dirt was taken on each side causing an excavation several feet deep on each side, extending north from the creek and beyond the opening. The plaintiffs' land and that to the west was low and flat. During heavy rains, the water was accustomed to spread out and pass eastward and southeastwardly somewhat in the nature of surface water, doing no serious damage; but, after the construction of the highway, this water on the west was concentrated and passed through the sluiceway. The water from the creek when in flood would pass down the excavation on either side of the embankment and add to the volume of water concentrated at the sluiceway. The water thus concentrated passed east and southeastward over plaintiffs' land and permanently damaged same.

The road was partially built by Harris & Powell under contract with the county. The Southern Surety Company was the surety upon the bond given by the contractors. About September 8, 1922, the contractors became bankrupt, defaulted in the completion of the road, and the surety company completed the contract. That portion of the highway which caused the damage to the plaintiffs' land was built by the contractors prior to their default. Additional facts will be stated in the course of the opinion as may be necessary.

The appeal of the county will be first considered. The petition is lengthy, and sets out the facts stated above. Error is assigned to the overruling of special exceptions to the petition.

[1-3] A county is not liable for damages to private property, caused by the negligence of its agents in the construction of a road (Nussbaum v. Bell County, 97 Tex. 86, 76 S. W. 430; Siewerssen v. Harris County, 41 Tex. Civ. App. 115, 91 S. W. 333; Zavala Co. v. Akers [Tex. Civ. App.] 91 S. W. 245): but it is liable for damages when it properly exercises its authority to take or damage private property in the construction of a road and the necessary drainage ditches in connection therewith (Nussbaum v. Bell County, supra); and it is also liable for damages caused by an improper method of construction when the manner in which its agent does such work is under the authority and direction of the county. In such case the county is liable, even though in the exercise of due care the work might have been done in such manner as to avoid the injury (article 6935, R. S. 1911; Voss v. Harris County [Tex. Civ. App.] 76 S. W. 600; Palo Pinto Co. v. Gaines [Tex. Civ. App.] 168 S. W. 391 [writ of error refused]).

[4] In the plaintiffs' petition there are some general allegations that the water diverted from the creek when in flood was caused by the negligent construction of the road and ditches, but it is further averred that the road was constructed according to the specifications contained in the contract between the contractors and the county, and that, in constructing the road and ditches, Harris & Powell acted under the direction of Comanche county through its commissioners' court. These allegations state a cause of action against the county under article 6935 and the two cases last cited, for which reason the exceptions to the petition were properly overruled.

Appellees' claim was never filed with the county auditor, and it is asserted this is fatal to the action. Article 1481 provides:

"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners' court; and no claim, bill or account shall be allowed or paid until same shall have been examined and approved by the county auditor."

Article 1484 provides:

"He shall not audit or approve any claim against the county, unless the same has been contracted as provided by law, nor any account for the purchase of supplies or material for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge; which said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed with the county auditor, and the original to be delivered

to the party from whom said purchase is to be made before any purchase shall be made."

[5] A literal application of article 1481, construed without reference to the other sections of the county auditor law, would require the filing with the auditor of claims of every nature, but under article 1484 the auditor has no authority to audit or approve a claim of the nature here presented. It is evident the claims which he is authorized to audit and approve under article 1484 are claims based upon contracts lawfully made, and accounts for supplies and material supplied and contracted for as required by law, to which are attached the proper requisitions. There are no provisions in the law which indicate that the county auditor is vested with any authority to pass upon the merits of unliquidated claims for damages against the county arising in tort. Article 1481 is to be construed in connection with article 1484 and the other provisions of the law, and is not to be construed as applying to a claim of the nature here presented, which the auditor is forbidden to audit or approve, however just it may be. Appellees' claim being one which could under no circumstances be approved by the auditor, article 1481 has no application to it. Appellant cites Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872, and it may be conceded there are expressions in the opinion in that case which to some extent support its contention, but in the recent case of Greer v. Hunt County, 249 S. W. 831, by the Commission of Appeals, Greer sued the county to recover commissions due him as county treasurer, and it was claimed he could not maintain his suit because it did not appear his claim had been audited by the county auditor. In that case it was said:

"The evidence shows that before he went out of office he presented his account to the commissioners' court for $3,300, and that court refused to allow it. Whether it was audited does not appear. R. S. art. 1366, provides that no claim against a county can be sued upon unless it shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected and refused to audit and allow the same or any part thereof. The statute does not make an audit of a claim a prerequisite to filing suit. The only requirement is that the claim be presented to the commissioners' court, and that the court neglect or refuse to audit and allow it. The duty of having the account audited is thus placed upon the commissioners' court and not upon the claimant, and disallowance of the claim by that court clearly gives the right to bring suit."

Under the ruling in the Greer Case, it was unnecessary for appellees to file their claim with the county auditor. In this connection, see, also, Nueces County v. Nueces County Drainage District (Tex. Civ. App.) 258 S. W. 209.

Appellant also contends that the claim was never presented to the commissioners' court for allowance as required by article 1366, R. S. This proposition is based upon the undisputed evidence that the claim was not presented in writing. However, it is also shown that prior to the suit appellee in person a number of times appeared before the commissioners' court, orally presented his claim, and endeavored to secure its payment.

[6] It was not the purpose of article 1366 to impose any technical nicety in the manner of the claims presentment to the court. Its purpose was to advise the commissioners' court of claims against the county and afford an opportunity to investigate and adjust the same without litigation. Williams v. Bowie County, 58 Tex. Civ. App. 116, 123 S. W. 199. The purpose of the statute was fully accomplished by the presentation of the claim in the manner stated, especially so in view of the fact that its rejection was not in any wise based upon the fact that it was not presented in writing.

The highway was built with funds provided by bonds issued by special road district No. 4 of Comanche county, which district was created and bond issued under the provisions of chapter 2, tit. 18, Complete Texas Statutes 1920, or Vernon's Sayles' Ann. Civ. St. 1914 and Vernon's Ann. Civ. St. Supp. 1918 and 1922. The specifications were approved by the state and federal highway departments. The county presents the proposition that its connection with the construction of the road was merely as agent for the road district, which is alone responsible for the injuries complained of. This highway was constructed as a part of the road system of Comanche county. The county made the contract for its construction. The whole county is benefited by its building. The function of the road district was to provide funds in the manner prescribed by law for construction of roads in that district. When that was done, its function for all practical purposes was accomplished.

[7] Article 638, R. S. 1911, provides that road districts shall not be held liable for torts. It is not permissible for the Legislature to relieve a municipality from liability for damages resulting from torts, the commission of which amounts to the taking of private property. We think the effect of article 638 is to impose liability upon the county to make due compensation for injuries to private property caused by the building of the road.

There are a number of other questions presented by Comanche county, all of which have been considered. They present no reversible error. There is no occasion to discuss any of them except that presented by the fifteenth assignment, which will be considered in connection with the appeal of the surety company, which will be now taken up.

The road in question connected with a bridge across Rush creek. This bridge was

built at the same time as a part of the road. This bridge was built by the contractors Harris & Powell, under their contract with the county for the construction of the road. The embankment extended from the bridge northward. The dirt to build same was taken from both sides, making ditches from the creek to the opening on the north. When the creek was in flood, water from the creek flowed in the ditches to the lower point, where the opening was made in the embankment, thus increasing the volume of water concentrated at the opening, and which passed across the plaintiffs' land in an easterly and southeasterly direction.

[8] It is contended by Comanche county the contractors were negligent in cutting the ditches so as to connect with the creek, that for damages caused by such negligence the county is not liable to the landowners, and that the evidence shows all the damage was caused by the floodwater diverted from the creek. The evidence does not show all the damage was so caused. It shows the damage was caused by the surface water on the west, the flow of which was obstructed by the embankment and concentrated at the opening, combined with the water flowing from the creek through the ditches. The obstruction and concentration of the surface water is an act for which the county is liable because the embankment was built under its direction and authority. For the negligence of the contractors in cutting directly into creek, it is not liable. It is impossible to determine and separate the amount of damage caused by the two factors. It presents a case of concurring causes, and it was incumbent upon the county, in order to relieve itself of liability to plaintiff for the entire damage, to segregate the amount of damage caused by the act for which it is liable. This it failed to do, for which reason it must be held liable for all damages caused by the concurring causes. Its fifteenth assignment is therefore overruled.

The bond of the contractors, among other conditions, obligated them to "well and truly perform all the terms and conditions" of the contract. This rendered the surety liable to the county for any damage sustained by it, caused by an improper or negligent performance.

[9] Without discussing the evidence, we are of the opinion it shows negligence on the part of the contractors in cutting the ditches into the creek so as to permit the flow of flood water therefrom in the manner stated. The contractors are not liable over to the county for the damage caused by the obstruction and concentration of the surface water on the west, for that was caused by the embankment built in accordance with the specifications of the contract. But for their negligence in cutting the ditches into the creek they are liable to the county. There is no evidence by which the damage resulting from the two causes can be apportioned. As between the county and the surety company which succeeds to the liabilities of the contractors, the same rule cannot be applied as was applied between the plaintiff and the county. In holding the county liable to the plaintiffs for all the damage inflicted by the two concurring causes, there was no contribution to the injury by the plaintiffs. If the same rule were applied as between the county and the contractors, the latter would be held liable to the county for damages for which in part the county is alone liable. This would be wrong. It was incumbent upon the county to show the extent of the damage caused by the negligence of the contractors, and this the evidence fails to do. Judgment should therefore have been rendered in favor of the surety company upon the cross-action of the county for want of necessary proof.

[10] We pass now to the appeal of the road district. The record contains no answer filed by it nor any citation and service thereof. There is a suggestion by an amicus curiæ of want of due service. The judgment recites due service upon it and default. On appeal from a judgment by default, the record must show an appearance by the defendant or due service independent of the recitals in the judgment. Failure to so show presents fundamental error. See cases cited in 1 Michie Digest, 639.

This ruling makes it unnecessary to discuss the assignments of the road district.

The judgment of the lower court will be reversed, and here rendered as follows: That the plaintiffs take nothing against the American Surety Company, the Southern Surety Company, and L. D. Parks; in favor of the plaintiffs against Comanche county for $2,100, with interest from the date of the judgment of the court below; that Comanche county take nothing by its cross-action against the Southern Surety Company; that the plaintiffs' suit against special road district No. 4 of Comanche county be dismissed for want of service.

The costs of appeal are taxed against Comanche county.

Reversed and rendered.