THE ATTORNEY GENERAL
OF TEXAS



Gerald C. Mann
XXXXXXXXXXXXXXXXXXXXXXD
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
State Comptroller of Public Accounts
Austin, Texas

Opinion No. O-4824

Re: Should State Comptroller deliver
a $1500.00 warrant, payable to
Montgomery County, prior to Mont-
gomery County paying interest due
on past-due school bonds?

Dear Mr. Sheppard:

We have your letters, as well as the one from Mr.
Gaynor Kendall, investment counsel for the State Board of
Education, relative to the controversy that exists between
the State Board of Education and the Commissioners' Court
of Montgomery County.

The facts, as given by you, are that the Permanent
School Fund in 1940 purchased $1,500,000.00 of bonds issued
by Commissioners' Precinct No. 2, of Montgomery County.

A. W. Snyder & Company filed suit against the State
Treasurer and the State Comptroller, in their individual ca-
pacities, to recover possession of these bonds, claiming that
the Permanent School Fund did not have any interest therein.

The Supreme Court of Texas held against Snyder &
Company on their claim.

During the pendency of the Snyder suit the first
maturing bonds, as well as interest coupons, matured and were
paid. When the second series of interest coupons, amounting
to $43,712.50, became due, the county refused to pay same to
the State Treasurer, and claimed that it deposited same with
the District Clerk of Montgomery County, to be held by the
clerk, pending the outcome of the litigation. After the liti-
gation had terminated, Montgomery County paid to the State
Treasurer the principal of said interest, but refused to pay
any interest on the past-due interest. At the time the interest
was actually paid to the State Treasurer there was past-due

interest on this interest, figured at six per cent per annum, amounting to the total sum of $1610.19.

The State Treasurer is still holding these interest coupons, and has refused to deliver same until the interest on the past-due interest has been paid.

It further appears from your letters that at the time the Permanent School Fund purchased these bonds they agreed to pay Montgomery County therefor principal, accrued interest, and $1500.00 as a premium. The county at the time accepted the warrants for the principal and interest for said bonds, but refused to accept the $1500.00 premium warrant, on the theory that it should have been for $16,500.00. The county now requests that the $1500.00 premium warrant be delivered to it, and that the Treasurer pay same.

We are further informed that the interest coupons attached to the bonds in question have no provision for the payment of interest on past-due interest, the interest coupons being payable on a day certain, as named in each interest coupon.

Under the above state of facts, you ask the following questions:

1. Whether the interest coupons should be released before the interest on the delinquent interest is paid?

2. Whether the premium warrant for $1500.00 should be delivered and paid to Montgomery County prior to the time it pays the interest on the past-due interest?

3. Whether it is necessary for the State Comptroller, under Article 1660, Revised Civil Statutes of 1925, to file a formal claim with Montgomery County for the interest which is claimed to be due on the past-due interest.

Article 2671, of the Revised Civil Statutes, provides that if default be made in the payment of any interest due upon bonds purchased by the Permanent School Fund, the State Board of Education may declare the principal of all unpaid bonds due: ". . .; and the payment of both such principal and interest shall in all such cases be enforced in the manner provided by law. . . ."

Article 5070, of the Revised Civil Statutes, provides that when no specified rate of interest is agreed upon by the parties, the interest rate of six per cent per annum shall be allowed on all written contracts from and after the time when same became due and payable.

Article 4344-9, of the Revised Civil Statutes, provides that the Comptroller shall keep and settle all accounts, in which the State is interested, including all monies received by the State from whatever source, and for whatever purpose.

Article 4350, of the Revised Civil Statutes, provides that no warrant shall be issued to any person indebted to the State, or to his agent or assigns, until such debt is paid.

Article 4378, of the Revised Civil Statutes, provides that the State Treasurer shall be the custodian of all bonds in which the school funds of the State have been invested, and that he shall keep said bonds in his custody until the same have been paid, and when the interest coupons on the bonds are paid, he is required to properly separate them from from the bonds and cancel same.

(1) In virtue of the above statutes, it is our opinion that the interest coupons attached to the Montgomery County Precinct No. 2 bonds should not be released or cancelled until the interest on the past-due interest at six per cent per annum has been paid from the time said interest became due up and until the principal thereof was paid. Since there is no rate of interest provided for in the interest coupons, they bear the statutory rate of six per cent per annum from the time they became due.

(2) Since Montgomery County owes the interest on the $43,712.50 past-due interest from the time it became due until the time it was paid, the $1500.00 warrant should not be delivered or paid until said interest account has been paid. As stated above, Article 4350, of the Revised Civil Statutes, provides specifically that no warrant shall be issued or paid to any one who is indebted to the State until said indebtedness is paid.

(3) By the third question propounded, you ask whether it is necessary, under Article 1660, of the Revised Civil Statutes, for the State Treasurer or Comptroller to present a

claim to Montgomery County for the interest on the past-due interest, and have same approved before the county can pay same. In our opinion, Article 1660 has no application to a claim of this character. The County Auditor has no control over the matter, and his approval or disapproval would add nothing thereto, nor subtract anything therefrom. The bonds have been voted and issued, and the interest is required to be paid the same as the bonds. The law requires interest to be paid on all past-due interest until same is paid.

In Nacogdoches County v. Jinkins, 140 S.W.(2) 901, the court held that it was not necessary for the County Clerk to present his claim to the Auditor for approval prior to the time he filed suit thereon, and used this language:

"(5) Furthermore, it is not believed that the claim here involved is such as is required by Article 1660, R.C.S., to be presented to the County Auditor for his approval, before same can be presented to the Commissioners' Court for its approval and payment. (The opinion then quotes Article 1660).

"This Article must be considered and construed in connection with the succeeding Article, 1661, passed as a part of the same Act. (The opinion then copies Article 1661).

"A literal application of Article 1660 without reference to Article 1661 would require the filing with the Auditor of claims of every nature, but under Article 1661 it is readily seen that the Auditor has no authority to audit or approve a claim of the nature here involved. It is evident that the claims which he is authorized to audit and approve under Article 1661 are claims based upon contracts lawfully made, and accounts for supplies and material supplied and contracted for as required by law, to which are attached the proper requisitions. There are no provisions in the law which indicate that the County Auditor is vested with any authority to pass upon the merits of claims such as here.

"Appellee's claim being one which under no circumstances could be approved by the County

> Auditor, Article 1660 has no application to it.
> Southern Surety Co. v. McGuire, 275 S.W. 845,
> writ ref.; Greer v. Hunt County, Tex.Com.Apps.
> 249 S.W. 831."

It is, therefore, our opinion that it is not necessary for either the State Treasurer or the Comptroller to file a claim with the County Auditor or the Commissioners' Court for the interest due on the past-due interest on the bonds in question. The county should pay this in the same way that it pays the interest and principal on said bonds.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By     Geo. W. Barcus
Assistant

GWB:mr:bt

Approved Sep.18,1942
Grover Sellers
First Assisant
Attorney General

Approved Opinion Committee
By BWB, Chairman