HOME INDEMNITY CO. *v.* BOWERS.

*(Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

POORE, COX, BAKER & MCAULEY, of Knoxville, for plaintiff in error.

HODGES & DOUGHTY, and J. H. HODGES, all of Knoxville, and FRANKLIN PARK, of Jefferson City, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The single question presented by this appeal is whether a third party, who had received personal injury in an automobile accident, in which the automobile which caused the injury, was being driven by a conditional vendee of the insured, may recover for her injuries from the Insurance Company under the omnibus clause of its policy, after the insurer and conditional vendor has been dismissed from the litigation, and is not a judgment debtor.

Suit was filed in the Circuit Court of Jefferson County by Delia Bowers as mother of the injured minor, for her medical expenses, hospital bills, etc., and a separate suit was filed for the minor for personal injuries. The present appeal presents only the suit of Delia Bowers for medical bills and hospital expense. The original suits named as defendants, Wiley, who was the conditional vendee and driver and operator of the car at the time of the accident; William Case, the insured and conditional vendor. There-

after, non-suits were taken against William Case, the Insurance Company denied liability, and a pro confesso was taken against Wiley, who failed to plead. A final judgment was entered in the suit of Delia Bowers for $2,000 against Wiley.

After an execution on this judgment was returned "nulla bona" the present suit by Delia Bowers was instituted against the Home Indemnity Company on the omnibus clause of its policy of insurance issued and in force at the time, in favor of William Case. After a demurrer was overruled and defendant filed special pleas of nil debet and the general issue, the facts were stipulated and judgment rendered for Plaintiff for $2,000.

A photostatic copy of the policy of insurance is in the record, and the pertinent part of the omnibus clause is as follows:

"With respect to the insurance for bodily injury liability and for property damage liability, the unqualified word 'insured' includes the named insured and also includes any person while using the automobile, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * *."

On September 20, 1950, the insured, William Case, under a conditional sales contract, sold the car which was a 1937 Chevrolet, to one Eugene Wiley, and on September 30, 1950, while the car was being driven by Wiley, it struck one Clarence Bowers, a minor son of Delia Bowers, causing the injuries from which the suits arise. Since the decision of this Court in *Stovall* v. *New York Indemnity Co.*, 157 Tenn. 301, 8 S. W. (2d) 473, 72 A. L. R. 1368, essentially identical omnibus clauses in automobile lia-

bility insurance policies have been several times before this Court. A number of them are cited and considered in the recent cases of *Foley* v. *Tennessee Odin Ins. Co.*, 193 Tenn. 206, 245 S. W. (2d) 202; *Moore* v. *Liberty Mutual Ins. Co.*, 193 Tenn. 519, 246 S. W. (2d) 960. Cases involving them in other States are innumerable. It is well, therefore,. to limit strictly, the facts and relations of the parties in the case before us here. Delia Bowers is not making a claim against the Insurance Company by reason of any contract of insurance which she had with it, nor has she any claim through the insured, William Case. Wiley, the person with whom Case had a contract of sale, is making no claim. The plaintiff, Delia Bowers, therefore, cannot rely on the rule that when a policy of insurance is ambiguous in any of its terms, the policy is to be construed in favor of the insured and against the insurer.

This is important in a proper construction of the omnibus clause as we have quoted it above, and particularly in deciding whether or not use of the automobile by Wiley at the time of the accident, was with the ''permission'' of the insured.

Most of the reported cases are distinguishable. They present suits by the insured, or by one who was using the automobile with permission of the insured who had not sold the car, made claims against the Insurance Company under the omnibus clause. We have found very few actions on a policy against the insurer where the insured is not a party and where the plaintiff was injured by the automobile, driven by a vendee of the insured. In the cases we have found, where this is the situation of the parties, without exception, the Court has refused a recovery against the Insurance Company.

564

In *Whitney* v. *Employers' Indemnity Corp.*, 200 Iowa 25, 202 N. W. 236, 239, where the policy was substantially the same as the one before us, the automobile of the plaintiff Whitney was damaged in a wreck with a car driven by one Fenlon. Fenlon was a conditional vendee from O. J. Moore Grocery Company, which was the insured under the policy with the Employers' Indemnity Corporation.

"Plaintiff says that Fenlon was operating the car with the consent, either expressed or implied, of the grocery company. To successfully maintain this contention the grocery company's relation to said car must be shown to be such that they were in a position to give their consent. In other words, if Fenlon absolutely owned the car the consent, or want of consent, on the part of the grocery company, would have nothing to do with this lawsuit. * * *

"The final analysis of the whole case must turn upon the question of who was the owner of the car at the time the policy of insurance sued on herein was issued, and at the time of the accident, which was four days later. If the grocery company was the owner of the car at the time, it could have given the consent required by the omnibus clause (L). If it was not the owner, then of course the omnibus clause (L) would not operate, and there would be no basis for the operation of clause (e). * * *

"Applying this line of logic to the facts in this case, in the event of the destruction or injury to the roadster in question, the loss would surely have been the loss of Fenlon, and not the loss of the grocery company." (The judgment of the Trial Court directing a verdict for the Insurance Company was

affirmed.) *Whitney* v. *Employers' Indemnity Corp.*, 200 Iowa 25, 202 N. W. 236, 239, 41 A. L. R. 495. Compare: *Bess* v. *Commonwealth Casualty Co.*, 101 N. J. L. 380, 128 A. 250.

In Tennessee, retention of title in a conditional sales contract is in the nature of a lien and mere security for the payment of the price. *McDonald Automobile Co.* v. *Bicknell,* 129 Tenn. 493, 496, 167 S. W. 108; *Marion Manufacturing Co.* v. *Buchanan,* 118 Tenn. 238, 99 S. W. 984, 8 L. R. A., N. S., 590.

Other cases holding that a conditional vendor of the automobile, who although retaining the title thereto, has no right to the use or control thereof, is in no position to give the permission provided in such a clause as the one quoted above, so as to bring the conditional vendee within the protection of the policy in which the conditional vendor is the insured. *Virginia Auto Mutual Ins. Co.* v. *Brillhart,* 187 Va. 336, 46 S. E. (2d) 377; *Merchants Mutual Casualty Co.* v. *Pinard,* 87 N. H. 473, 183 A. 36; 72 A. L. R. 1390.

With regard to the meaning of "permission" or "consent," it is said in the Brillhart case:

" 'Permission' or 'consent' to use or drive a car within the meaning of such a provision must come from someone who is in a position to give or grant it. His relation to or control over the car must be such that he has a right to give or withhold the permission or consent to use it. [Citing 5 Am. Jur., Automobiles, p. 806, 45 C. J. S., Insurance, Section 829, pages 900, 901.]

"In the case before us upon the sale of the car Owens the vendee, took immediate possession of it. Huffman's possession of it, and his right to control

its use, ceased and passed to Owens.  And this was so although Huffman retained a lien on the car for a part of the unpaid purchase price.  After the consummation of the sale, *Owens' use of the car was by virtue of his ownership of it and his right to control it, and not by virtue of the grant of any permission to him by Huffman.*  See *Fagg* v. *Massachusetts Bonding & Insurance Co.*, 142 Or. 358, 19 P. (2d) 413; *Whitney* v. *Employers' Indemnity Corp.*, 200 Iowa 25, 202 N. W. 236, 41 A. L. R. 495.''  (Our emphasis.) *Virginia Auto Mutual Ins. Co.* v. *Brillhart*, 187 Va. 336, 46 S. E. (2d) 377, 380.

In *Merchants' Mutual Casualty Co.* v. *Pinard*, 87 N. H. 473, 183 A. 36, 72 A. L. R. 1390, the suit by the insurer was for a declaratory judgment, and the only issue presented was whether or not the conditional sale had been consummated.  The New Hampshire Court held that the sale had been consummated and that, therefore, there was no liability of the Insurance Company on the policy.  It does not appear whether the claim was being made by the conditional vendee or the person injured by him.

The Fagg case cited by the Virginia Court in its opinion had an express provision which released the Insurance Company from liability in the event of sale of the car by the original insured.

We distinguish *Votaw* v. *Farmers Automobile Inter-Insurance Exchange*, 15 Cal. (2d) 24, 97 P. (2d) 958, 959, 126 A. L. R. 538 which is strongly relied on by the plaintiff, from the case before us here.  Votaw, who was the plaintiff in the California action, was the conditional vendor in a conditional sale which was incomplete, and in California law, ineffectual, since the contract of sale had not been perfected by compliance with certain statu-

tory requirements. Because of a California "Owners Responsibility Law," judgment was rendered against Votaw, the conditional vendor, because title to the automobile was registered in him at the time of the wreck. He satisfied the judgment and brought the reported action, *Votaw* v. *Farmers' Automobile Inter-Insurance Exchange,* under the indemnity clause in his policy. The policy, as originally issued, had covered the named insured only, but on account of the passage of the Owner's Responsibility Law, Code, Sec. 2701, the Insurance Company had issued a rider containing the omnibus clause, which was held to cover the conditional vendee who was driving at the time of the accident.

The Court held that the clause "provided such use or operation is with the permission of the named insured", was ambiguous, and further held that since Votaw was the insured, that the ambiguity should be resolved in his favor. This is the basic difference between the Votaw case and the case before us here. Also, there are two very strong dissenting opinions in the California case which weaken its authority.

In accord with the law stated in *Whitney* v. *Employers' Indemnity Corp.,* supra, and *Virginia Auto Mutual Ins. Co.* v. *Brillhart,* supra, the judgment is reversed, and a judgment will be entered here, dismissing the suit at the cost of plaintiff, Code, Sec. 9051.