KELLY v. CLIFF PETTIT MOTORS, INC.

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

O. M. TATE, JR., of Knoxville, for plaintiff in error.

POORE, COX, BAKER & McAULEY, of Knoxville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents an action in detinue for a Dodge automobile and damages for its unlawful detention. A demurrer to the declaration was sustained by the Trial Judge and the Plaintiff has perfected his appeal.

The facts taken from the declaration and the declaration as amended, are as follows: Kelly is an automobile dealer in Big Stone Gap, Virginia, and the Defendant is an automobile dealer in Knoxville, Tennessee. On December 1, 1949, Kelly bought a 1948 Dodge sedan from one Charles C. Hobbs, and after the purchase from Hobbs, Kelly paid off a lien on the automobile, and then received a Virginia certificate of title which had not been endorsed or assigned by Hobbs to Kelly.

Kelly employed an automobile salesman named Earl Willis, and on or about December 23, 1949, Willis took the Dodge car from Plaintiff's place of business in Big Stone Gap, with the expressed purpose of demonstrating the car to a prospective purchaser in Kingsport, Tennessee, and at the same time Willis took the certificate of

title with the understanding that he would have the same properly endorsed by Hobbs to Kelly. Instead of having Hobbs endorse the certificate, Willis forged, or had forged, an endorsement of the certificate from Hobbs to Kelly. Instead of showing and demonstrating the automobile in Kingsport, Tennessee, Willis, without authority from Kelly, brought the automobile to Knoxville, and offered it for sale to the Defendant. The Defendant, acting through its President, Cliff Pettit, declined to purchase the automobile without calling the Plaintiff on long distance telephone, to determine the authority of the said Willis. Willis refused to permit the telephone call and the sale then fell through.

Later, on the same day, Willis sold the automobile to one Rex W. Pressley, a used car dealer on the Chapman Highway in Knoxville, and on the same day, December 23, 1949, the Defendant bought from Pressley the automobile, paying therefor the approximate sum of $1,000, which was some $365 less than the actual market value of said automobile. The certificate of title, with forged endorsement, had been delivered by Willis to Pressley, and was delivered by Pressley to the Defendant at the time of the latter's purchase of the automobile.

By leave of Court, Plaintiff was allowed to amend his declaration, (1) to state the details of the refusal of the Defendant to purchase the automobile from Willis without first calling the Plaintiff Kelly, and (2) to state in detail, that Willis had forged, or procured to be forged, the endorsement of the certificate of title from Hobbs to Kelly Motor Company of Big Stone Gap, Virginia.

To the original declaration, and to the declaration as amended, the Defendant demurred on a single ground, namely, "Because the averments in the declaration show that title to the automobile described therein, to have

passed to this Defendant and under the facts set forth and averred, plaintiff is estopped to assert any claim against the Defendant for damages or possession of said automobile.''

As stated, the Trial Judge sustained the demurrer on the ground that the Plaintiff was estopped, applying the rule that when one of two innocent parties must suffer a loss, he must suffer whose conduct, though innocent, has occasioned the loss.

Evidently a single question is presented by the appeal which is whether, on the facts stated in the declaration, and the declaration as amended, Plaintiff was estopped.

An essential element which is the basis of the law of estoppel in pais is that one who pleads the estoppel shall have relied on the words, acts, or omissions of the party against whom the estoppel is asserted. Conversely, the one who asserts the estoppel must actually have believed the matters relied on to create such estoppel. Here, from the undisputed facts, Defendant's President, Cliff Pettit, had no representation from Kelly and did not believe that Willis had authority to sell the automobile. On that ground, he refused to buy it from Willis. It seems to us that this undisputed fact precludes an assertion of estoppel by the Defendant.

So far as the record discloses, the Defendant and its Officers had had no prior dealing with the Plaintiff, and Defendant's purchase of the automobile from a third party, Pressley, was not on the basis of any representation by word, act or omission to act, of the Plaintiff. There was no representation by the Plaintiff to either Pressley or the Defendant, that Willis was the agent of Plaintiff with authority to sell, and even after the forged endorsement, the certificate of title showed only

394

that Kelly Motor Company, not Willis, had ownership of the automobile, and so perhaps, authority to sell it.

The actions and conduct of Willis could not create an agency, or enlarge his authority. The acts and conduct of the principal create an agency by estoppel, not the acts and conduct of the agent. *Southern R. Co.* v. *Pickle,* 138 Tenn. 238, 245, 197 S. W. 675, *et aliunde;* 2 C. J. S., Agency, Section 96.

"The apparent power of the agent is to be determined by the acts of the principal, and not by the acts of the agent." *Dispatch Printing Co.* v. *Nat'l. Bank of Commerce,* 115 Minn. 157, 132 N. W. 2, 4; 12 A. L. R. 113.

For the reasons stated and under the authorities cited, the judgment is reversed and the case remanded for entry of an order overruling the demurrer and for further proceedings in accordance with this opinion.

All concur.