H. C. EDWARDS, JR., d/b/a Edwards Motor Company, Respondent, *v.* CENTRAL MOTOR COMPANY, Petitioner.

(*Nashville*, December Term, 1954.)

Opinion filed March 11, 1955.

C. VERNON HINES, of Nashville, for petitioner.

W. C. SUGG and S. L. FELTS, JR., both of Nashville, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Edwards, an automobile dealer, sold a specifically de-scribed automobile to T. C. McDonald. The parties treated it as a cash transaction wherein Edwards took in payment the check of McDonald "in lieu of cash", and, in return delivered to McDonald, together with possession of the car, a bill of sale which made no mention of the check. The check was promptly presented to the out of town bank upon which it was drawn, and payment by such bank refused because of insufficient funds to the credit of McDonald.

In the meantime, McDonald, who has since absconded, sold this automobile for cash to Sharp Buick Company. He executed and delivered to Sharp a bill of sale purporting to convey title. There is no evidence that McDonald exhibited to Sharp the bill of sale which Edwards had executed and delivered to McDonald. Nor is there any evidence that Sharp made any inquiry of McDonald as to how the latter obtained title.

At a later hour of the same day Sharp sold this car to Central Motor Company. In addition to executing a bill

of sale, Sharp also delivered to Central Motor Company the bill of sale which McDonald had executed and delivered to Sharp. Neither Sharp nor Central Motor Company was aware of McDonald's unpaid check or of the Edwards' bill of sale, in so far as the record discloses.

When Edwards ascertained the whereabouts of the automobile he instituted this replevin action. The Trial Judge thought that the Central Motor Company had obtained title; therefore, dismissed Edwards' suit. In a well considered opinion, 277 S. W. (2d) 413, the Court of Appeals concluded that Edwards had not parted with title to this car. That Court was further of the opinion that the bill of sale which Edwards had executed and delivered to McDonald did not estop Edwards from asserting title. This latter conclusion was rested on the fact that Sharp, in purchasing from McDonald, did not rely on this bill of sale, in so far as the proof discloses.

Certiorari was granted because the writer for the Court of this opinion was in doubt as to which of the two opposing conclusions is correct.

Probably the Circuit Judge thought the case to be ruled by that provision of the Uniform Sales Act wherein it is provided that: ''Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title.'' Code Section 7217. Respectable precedent supports this conclusion. *Sullivan County* v. *Wells*, D. C. Neb., 89 F. Supp. 317.

Williston, in the revised edition of his text on Sales, Volume 2, Section 346b, page 346, expresses the opinion that in the situation with which we are here dealing the law should be as held by the Circuit Judge in this case.

But Mr. Williston is quick to add that "it must be admitted that so far as the cases on worthless checks are involved the author's analysis is not supported by the weight of authority. Most, though not all the cases that allow a bona fide purchaser to prevail over the original seller, do so on the ground of estoppel, rather than on the ground that the seller transferred the property in the goods though induced to do so by fraud." Numerous cases in accord, and dealing with worthless checks, are cited in 31 A. L. R., commencing at page 579.

Our Court has long since adopted the majority view and hold that: "Where the sale is for cash on delivery, a delivery is generally considered conditional, and no title vests in the buyer until he has complied with the terms of sale". *Dillard & Coffin Co.* v. *Beley Cotton Co.,* 150 Tenn. 195, 200, 263 S. W. 87, 88. In the case at bar a cash transaction was intended. The check and bill of sale were delivered and accepted under the assumption, and on the condition, that the check would be paid when promptly presented to the bank on which it was drawn. That being true, the Uniform Sales Act, Code Section 7211, prevents the passing of title, as between the parties, until the check, when promptly presented, is paid.

So, Sharp's only chance of being adjudged the owner of the car which he bought from McDonald is by the application of the rule of estoppel based on the fact that Edwards executed and delivered to McDonald a bill of sale purporting to convey title to this car. However, estoppel is not available to Sharp because there is no evidence that he relied at all on the fact that Edwards gave McDonald this bill of sale to the car. *Kelly* v. *Cliff Pettit Motors, Inc.,* 191 Tenn. 390, 393, 234 S. W. (2d) 822. The burden of establishing estoppel is upon the one who in-

vokes it. *Borches & Co.* v. *Arbuckle Brothers,* 111 Tenn. 498, 510, 78 S. W. 266.

Since Sharp obtained no title from McDonald, it necessarily follows that Central Motor Company obtained no title from Sharp. Nor can the Central Motor Company invoke estoppel against Edwards because it was not misled by, or so much as knew the existence of, the Edwards to McDonald bill of sale.

The judgment of the Court of Appeals will be affirmed with costs.

BURNETT, Justice, not participating.