In the Matter of Lee Roy CROSSON, Bankrupt.

No. 20355.

United States District Court
E. D. Tennessee, N. D.

Sept. 13, 1963.

W. Hoyle Campbell, Knoxville, Tenn., for bankrupt.

L. B. Bolt, Jr., Knoxville, Tenn., for Manufacturers Acceptance Corp.

ROBERT L. TAYLOR, Chief Judge.

On October 27, 1962, Lee Roy Crosson, the bankrupt herein, purchased a 1958 Ford Fairlane (500) 4-door sedan automobile, Serial No. G8FT101824 from the Knoxville Motor Company, Inc. The seller gave to the purchaser the prior certificate of title to the automobile properly endorsed.

Like many such transactions, this was not a sale for cash and the unpaid balance of the purchase price was financed by means of a conditional sales contract and promissory note in the amount of $985.44 negotiated by Knoxville Motor Company, Inc. to Manufacturers Acceptance Corporation (referred to herein as MAC). The notarized bill of sale furnished the bankrupt by the seller showed on its face the lien of the MAC in the amount of $985.44.

Although Crosson applied for and obtained a registration upon the car, he did not apply for or obtain a new certificate of title therefor in accordance with the provisions of 59 T.C.A. Sec. 301 et seq. He filed his voluntary petition in bankruptcy on December 3, 1962 approximately five weeks after the transaction in which he purchased the automobile at which time he had in his possession the car, the bill of sale and the prior certificate of title.

The Trustee of the bankrupt's estate sought to sell said automobile and on April 9, 1963 filed a petition with the Referee for an order requiring MAC to show cause why it should not be sold free and clear of all liens and encumbrances. On April 22, 1963, MAC filed its answer to the petition asserting a valid lien against the automobile in the amount of $985.44.

The Trustee contends that MAC's lien was not perfected as required by the Tennessee statute and that the Trustee's status as a lien creditor is superior to MAC's purported lien. MAC on the other hand contends that, where no outside parties are involved, the Trustee merely succeeds to the rights possessed by the bankrupt. The Referee held that since MAC failed to have its lien properly noted on the certificate of title, its lien could not prevail against subsequent creditors and that the Trustee must prevail.

The sole question is whether on these facts MAC holds a lien on the automobile superior to the rights of the Trustee under Sec. 70, sub. c of the Bankruptcy Act (11 U.S.C. § 110, sub. c). Title 11 U.S.C. § 110, sub. c reads in part as follows:

" * * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

In a case involving a lien upon an automobile and arising under the laws of the State of Michigan, our Court of Appeals in In re Alikasovich, 275 F.2d 454, 456 (C.A.6), had this to say:

" * * * The critical time for the accrual of the trustee's rights under Section 70, sub. c is 'at the date of bankruptcy' not prior thereto. The trustee can only be 'vested as of such date' with the rights of a

creditor 'then holding a lien whether or not such a creditor actually exists.' "

This case was affirmed by the Supreme Court in Lewis v. Manufacturers National Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323.

■ It appears from these decisions that the validity of the lien claimed by the alleged secured creditor must be determined by the law of the state where the transaction occurred.

Title 59 T.C.A. § 320 outlines the procedure to be followed by the transferee of a car in applying for and obtaining registration of, and a certificate of title for, his car:

"59–320. *Transferee to reregister car and obtain certificate of title.*— The transferee, before operating or permitting the operation of such vehicle upon a highway, shall apply for and obtain a registration and apply for a certificate of title therefor in the manner provided in § 59–401 * * *."

Section 323(a) provides as follows:

"59–323. *New certificate of title issued by division upon satisfaction of certain requirements.*—(a) The division, upon receipt of a properly indorsed certificate of title and title card, accompanied by the required fee, and when satisfied as to the genuineness and regularity of said transfer and of the right of the transferee to a certificate of title, shall issue a new certificate of title in the name of the new owner as upon an original application."

Section 326 provides:

"59–326. *Liens and encumbrances —Filing.*—No conditional sales contract, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession entered into after March 1, 1951, shall be valid against the creditors of an owner or subsequent purchasers or encumbrancers until the requirements of this section and § 59–327 have been complied with, unless such creditor, purchaser, or encumbrancer has actual notice of the prior lien."

And Sec. 327(a) reads:

"59–327. *Constructive notice of lien upon filing request for notation—Method of giving notice*—(a) Such filing and the notation of the lien or encumbrance upon the certificate of title as provided in chapters 1 through 6 of this title shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrancers except such liens as may be authorized by law dependent upon possession. Constructive notice shall date from the time of receipt and filing of the request for the notation of said lien or encumbrance upon the certificate of title by the division as shown by its indorsements thereon."

■ The sections of the Tennessee Code from which we have quoted seem clearly to provide that no conditional sales contract or other lien or encumbrance upon a registered vehicle, other than a lien dependent upon possession, shall be valid against the creditors of the owner unless the lien is noted upon the certificate of title.

This is the construction of the Supreme Court of the State of Tennessee in Personal Loan and Finance Corporation of Memphis v. Guardian Discount Company, 206 Tenn. 221, 226, 332 S.W.2d 504. Although that case more precisely involved the question *when* a lien endorsed upon the certificate of title took effect, we have no doubt that it is also authority on the question what a chattel mortgagee must do in order to give constructive notice of its lien to subsequent creditors. The following language from the Court's opinion leaves no doubt on this point:

"When we read the entire Act and particularly the section of the Stat-

ute here last quoted from, we find that the Legislature has provided that the exclusive method of giving constructive notice of encumbrances on motor vehicles is the filing and notation of the encumbrance upon the certificate of title. The Act further provides that compliance with statutes relating to registration in the registers office of chattel mortgages on motor vehicles covered by this Act is not required. It would thus seem that any recording of an encumbrance on a motor vehicle covered by this Act would be ineffective to give constructive notice of the encumbrance, and that this is the only method. The practical effect of the Act is that the lien holder on a motor vehicle covered by this Act only has to have his lien properly recorded and noted on a certificate of title in order to protect his lien against subsequent encumbrances. This Section of the Act is concerned primarily with notice. A subsequent purchaser, creditor, or lienor must have either actual notice of a prior encumbrance or constructive notice thereof, as supplied by a compliance with the Act, in order to be bound by the prior encumbrance. * * * "

See also Manufacturers Acceptance Corp. v. Vaughn, 43 Tenn.App. 9, 305 S.W.2d 513.

■■ The fact that the lien of MAC appeared on the notarized bill of sale is not sufficient to give notice to creditors. The statute says the lien must be endorsed on the certificate of title. The owner did not apply for nor obtain a new certificate of title and perforce MAC's lien could not be endorsed on a certificate which did not exist. There was no notice to creditors of the lien in the manner prescribed by the statute. The trustee must prevail.

Let an order be prepared in conformity with the views expressed herein.