**In the Matter of Ralph Owen WALLACE, Bankrupt.**

**No. 23104.**

United States District Court
E. D. Tennessee, N. D.

March 8, 1966.

Howard Rose, Knoxville, J. D. Estep, Jr., Tazewell, Tenn., for bankrupt.

Glen Claiborne, Knoxville, Tenn., for Claiborne Motors.

Warren R. Webster, Knoxville, Tenn., for trustee.

W. N. Groover, Knoxville, Tenn., for GMAC.

ROBERT L. TAYLOR, Chief Judge.

This cause is before the Court upon Petition to Review filed by Claiborne Motors, Inc. On slightly differing facts, it involves the same question decided by this Court in In Re Crosson, 226 F.Supp. 944.

In that case, Crosson, the bankrupt, on October 27, 1962 purchased a Ford automobile from the Knoxville Motor Company, Inc., receiving from it the prior certificate of title therefor properly endorsed. Crosson executed a conditional

---

3. Omnibus or extended coverage of automobile policy.

sales contract and promissory note for $985.44 which was negotiated by the motor company to Manufacturers Acceptance Corporation (MAC). The bill of sale furnished the bankrupt by the motor company showed on its face the lien of MAC for $985.44.

Although Crosson obtained a registration upon the car he did not apply for or obtain a new certificate of title as required by law. On December 3, 1962, some five weeks after the purchase of the car he filed a voluntary petition in bankruptcy. At that time, he had in his possession the car, the bill of sale and the prior certificate of title.

The Trustee in bankruptcy sought to sell the automobile free and clear of all liens and encumbrances, but MAC objected, asserting a valid lien against it in the amount of $985.44. The sole issue was whether the Trustee's status as a lien creditor was superior to the lien asserted by MAC, since the latter's lien was not properly noted on the certificate of title for the automobile as required by the Tennessee statute. The Court held that under the Tennessee Code "no conditional sales contract or other lien  *  * upon a registered automobile, other than a lien dependent upon possession, shall be valid against the creditors of the owner unless the lien is noted upon the certificate of title." The Court further held that the fact that the lien of MAC appeared on the notarized bill of sale was not sufficient to give notice to creditors since the statute 59 TCA Secs. 326 and 327 required that the lien to be valid must be endorsed on the certificate of title.

With this background, we turn to the facts involved in the petition filed by Claiborne Motors, Inc. for review of the Order of Clive W. Bare, Referee in Bankruptcy, dated January 20, 1966. Petitioner in its brief stated that it took no exception to the findings of fact of the Referee. The facts, as shown by the Findings, Conclusions and Order of the Referee, are as follows:

Ralph Owen Wallace, the bankrupt, on May 21, 1965, purchased a 1965 Oldsmobile station wagon from Claiborne Motors, Inc. (herein referred to as Claiborne) receiving from it the Manufacturer's Statement of Origin, with an assignment executed on the reverse side. Wallace executed a Conditional Sale Contract showing an unpaid balance of $3,965.40, which was subsequently assigned by Claiborne without recourse to General Motors Acceptance Corporation (herein referred to as GMAC.) Claiborne also executed a bill of sale to Wallace.

The Findings show that Claiborne either requested or instructed Wallace to apply at the office of the County Court Clerk for a certificate of title. This, Wallace did not do. After the assignment of the conditional sale contract to GMAC, the latter on September 27, 1965 notified Wallace that it had not received the certificate of title to the car. No further action toward obtaining a certificate of title was taken either by Claiborne or GMAC; or for that matter by Wallace.

On November 3, 1965, some five months after the purchase of the car, Wallace filed his voluntary petition in bankruptcy.

GMAC on November 17, 1965 filed its claim, as a secured claim in the amount of $3,635.25, asserting that it holds as security for said debt a lien against the 1965 Oldsmobile station wagon, presumably by virtue of the assignment to it by Claiborne of the conditional sales contract upon the car.

The Trustee interposed objections to the allowance of GMAC's claim as a secured claim, contending that his own rights as a lien creditor under Sec. 70c of the Bankruptcy Act (11 U.S.C. § 110c) are superior to those of GMAC.

There is one difference on the facts between the Crosson case and the Wallace case now before us. In the Crosson case, the bankrupt registered the car he had purchased but obtained no certificate of title. In the Wallace case,

the bankrupt neither registered his car nor obtained a certificate of title.

Claiborne argues that bankrupt did not register the vehicle as required by TCA 59–303; that therefore the vehicle was not a registered vehicle within the meaning of TCA 59–320 et seq. With respect to the validity against others, of the lien created by the conditional sales contract, TCA 59–326 has the following to say:

"59–326. *Liens and encumbrances —Filing.*—No conditional sales contract, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession entered into after March 1, 1951, shall be valid against the creditors of an owner or subsequent purchasers or encumbrancers until the requirements of this section and § 59–327 have been complied with, unless such creditor, purchaser, or encumbrancer has actual notice of the prior lien."

Claiborne argues from the language of this section that no conditional sales contract "upon a registered vehicle" shall be valid against the creditors of an owner or subsequent owner or encumbrancer until Secs. 326 and 327 are complied with unless creditor, purchaser or encumbrancer has actual notice of the prior lien. Since the vehicle was not registered, it argues that these two sections cannot apply and, therefore, the conditional sales contract is valid against the owner's creditors.

The Trustee in Bankruptcy argues that the lien claimed by Claiborne (and GMAC) was not properly recorded as required by the law in Tennessee and hence as to the Trustee in Bankruptcy the same was null, void and unenforceable. He calls particular attention to the terms of TCA Section 59–327(b). In order to have the whole of Section 327 before us to be read in conjunction with Section 326, we copy Sec. 327 in its entirety:

"59–327. *Constructive notice of lien upon filing request for notation—*

*Method of giving notice.*—(a) Such filing and the notation of the lien or encumbrance upon the certificate of title as provided in chapters 1 through 6 of this title shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrancers except such liens as may be authorized by law dependent upon possession. Constructive notice shall date from the time of receipt and filing of the request for the notation of said lien or encumbrance upon the certificate of title by the division as shown by its indorsements thereon.

"(b) *The method provided in this section and § 59–326 of giving constructive notice of a lien or encumbrance upon a motor vehicle subject to the provisions of chapters 1 through 6 of this title, relative to the issuance of certificates of title shall be exclusive except as to liens dependent upon possession* and, provided further, that §§ 64–901, 64–2401, 64–2601—64–2605 and 64–2610, or any other sections of the Code, shall never be construed to apply to or to permit or to require the deposit, filing or other record whatsoever of a chattel mortgage, conveyance intended to operate as a mortgage, trust receipt, or other similar instrument, or any copy of same made hereafter, which said chattel mortgage, conveyance intended to operate as a mortgage, trust receipt, or other similar instrument, is required by chapters 1 through 6 of this title to be noted upon the certificate of title." (Emphasis added.)

Whatever the inference which may be drawn from the language of Sec. 326 that it does not apply to an unregistered vehicle, in the opinion of the Court such inference is dispelled by the first four and a half lines of Section 327(b), which states broadly that the method of giving constructive notice of a lien or encumbrance upon a motor vehicle shall be exclusive except as to liens issued dependent upon possession.

■ This case goes beyond In re Crosson, supra, but in our opinion a valid lien upon a motor vehicle is dependent first upon registration, and second upon the issuance of a certificate of title and third upon the registration of the lien upon said certificate of title. An encumbrancer cannot obtain an advantage through the omission of one or more steps of several steps required by law. In re Crosson, supra; In re Ford, 186 F. Supp. 252 (D.C.Ark.); MAC v. Vaughn, 43 Tenn.App. 9, 305 S.W.2d 513.

■ The holding of the Referee in sustaining the objections of the Trustee to the claim of General Motors Acceptance Corporation as a lien or preferred claim and allowing it as a general claim is affirmed.