Frank J. McGhee, Knoxville, Tenn., for bankrupt.

**In the Matter of Louise Sherrie RUSSELL, Bankrupt.**

**No. 26577.**

United States District Court
E. D. Tennessee, N. D.

March 20, 1969.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This case is before the Court on a petition to review filed pursuant to Section 39c of the Bankruptcy Act, 11 U. S.C. Section 67(c). The petition seeks review of the Referee's decision that the petitioner's interest in an asset of the bankrupt was subordinate to the rights of the trustee in bankruptcy.

The question of priority in interest was submitted to the Referee on stipulations of fact. Petitioner, Mills Auto Sales, purchased an automobile from Pinkston on October 1, 1968. Mills paid an outstanding lien on the car which was held by the Volunteer Bank and requested the Bank to send him the title. Before he received the title certificate from Volunteer, Mills sold the automobile to Mrs. Russell, the bankrupt, on October 8. Mills and the bankrupt on that date executed a conditional sales contract which said that Mills sells to buyer and buyer accepts delivery; in addition there was a retention of title clause. The bankrupt took full possession and control.

On November 11 the Volunteer Bank sent the state registration agency a notice discharging the lien which Mills had paid. At the same time the bank sent the title certificate to the former owner rather than to Mills. Mrs. Russell filed in bankruptcy on November 12. Mills did not succeed in getting possession of the title certificate until November 19.

Upon receiving the certificate, Mills filled out a formal bill of sale and forwarded it to Mrs. Russell. He filled out an application for a new certificate of title which he was to issue in the name of Mrs. Russell with notation of the lien he retained in the automobile. Subsequently Mills learned of the filing in bankruptcy.

The Referee's memorandum of February 11 recited the same facts except that he stated that a bill of sale was issued on the same day that the conditional sales agreement was signed; however, this variation from the stipulation was not relied on by the Referee in reaching his decision. Nor is the date of the bill of sale decisive of any issue in the Court's disposition of the case.

■ The Referee held that title to the automobile effectively passed on October 8, and that Mills held a mere unperfected security interest from that date until after Mills filed the request for a new certificate on November 19 or 20. See In re Wallace, D.C., 251 F.Supp. 581 (1966); In re Crosson, D.C., 226 F.Supp. 944 (1963). Since the bankruptcy petition was filed before perfection, the trustee's rights in the collateral are superior to petitioner's. T.C.A. § 47–9–301 (1) (b); Bankruptcy Act, Sec. 70c (11 U.S.C. 110(c)); In re Alikasovich, 275 F.2d 454 (C.A.6, 1960).

Petitioner's contention is that title had not passed to the bankrupt at the time of filing and that, therefore, the time of perfection is not decisive. Mills says that no title passed on October 8 because he did not comply with the Tennessee statute on transfer of automobile titles, T.C.A. § 59–319, and because the parties did not intend to pass title on that day.

The Tennessee transfer of title statute was not complied with until Mills obtained the title from Pinkston some seven days after Mrs. Russell filed in bankruptcy. However, Tennessee courts have now aligned themselves with the majority view that title may effectively pass even though the parties failed to comply with the statutory requirements. Hayes v. Hartford Accident & Indemnity Co., 57 Tenn.App. 254, 417 S.W.2d 804 (1967). Therefore petitioner may not successfully contend that Mills' tardy compliance with the statute resulted in retention of title until after bankruptcy was filed.·

■ Nor may petitioner successfully rely on his interpretation of T.C.A. § 47–2–401, which reads in part:

"Unless otherwise *explicitly agreed* title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, *despite any reservation of a security interest* * * *."

Although petitioner evidently relies on the retention of title clause in the conditional sales agreement of October 8, the well settled rule in Tennessee is that such a clause in a conditional sales agreement is the mere retention of a lien to secure payment of the price. Home Indemnity Co. v. Bowers, 194 Tenn. 560, 253 S.W.2d 750, 36 A.L.R.2d 668 (1952). There is in the record no suggestion that the parties "explicitly agreed" to leave title in Mills. The subsequent drawing by Mills of a bill of sale which recited consideration of one dollar and the submission of a request for a new title certificate were procedures to perfect Mills' lien on the automobile.

The cases of In re Schultt, W.D.Mich., 5 U.C.C.Rep. 1177, and Edwards v. Central Motor Company, 198 Tenn. 50, 277 S.W.2d 417, are not applicable to the instant case because both involve special circumstances from which explicit agreements for the retention of title were found. The Michigan decision found

such an agreement when the buyer agreed to pay the down payment and procure insurance before title should pass. Further, the Michigan statute for auto title transfer had been interpreted to render void a sale in which the parties did not comply with the statutory requirements. The *Edwards* decision applied the exceptional rule that the parties will be taken not to have intended title to pass upon payment by check when the check is subsequently dishonored.

The conclusions of the Referee must be affirmed. Let an order enter accordingly.