**In re Perry Lee KING, Debtor.**

**Bankruptcy No. 3–80–00919.**

United States Bankruptcy Court,
E. D. Tennessee.

April 17, 1981.

Richard Stair, Jr., trustee, Knoxville, Tenn.

John A. Walker, Jr., Knoxville, Tenn., for claimant.

## MEMORANDUM AND ORDER

CLIVE W. BARE, Bankruptcy Judge.

This contested matter is before the Court on the trustee's objection to the secured claim of the Blount National Bank. At the hearing on October 16, 1980, the parties stipulated that the amount of the claim is $10,858.10 and that the Bank asserts a perfected security interest in a 1976 Holiday Rambler Trailer. The issue for resolution by the Court is whether Blount National Bank has a security interest in the trailer, which is good as against the trustee, and, if the security interest is not perfected, the consequence thereof.

I

The facts are not substantially in dispute. On October 17, 1979, Chilhowee Trailer Sales of Alcoa, Tennessee, sold to the debtor a used 1976 Holiday Rambler Fifth Wheel Trailer on a "Retail Installment Contract and Disclosure Statement (Security Agreement)" under the terms of which the debtor was to make a down payment of $3,382.51 and 48 monthly installments of $316.02 each. Pursuant to a continuing business relationship between the parties, Chilhowee Trailer Sales assigned the contract to the Blount National Bank on a "full recourse" assignment. The assignment provided in

substance that upon default in payments by the debtor, Chilhowee Trailer Sales would repurchase the contract from Blount National Bank without regard to possession of the vehicle and without Blount National Bank being obligated to take any action to enforce collection or repossession. The trailer is subject to the motor vehicle registration laws and a certificate of title was obtained in the name of the debtor, but due to an error by Chilhowee Trailer Sales neither Chilhowee Trailer Sales nor Blount National Bank was shown on the title certificate as a lien holder.

The debtor had possession of the trailer and the title certificate until April 8, 1980, when he redelivered the trailer to Chilhowee Trailer Sales and endorsed the title certificate in blank, explaining that he no longer had a need for the trailer and asking Chilhowee Trailer Sales to sell it. The debtor continued to make his payments to the Blount National Bank, making a payment of $316.02 on May 7, 1980, and a payment of $316.02 on June 3, 1980.

The delivery of the trailer to Chilhowee Trailer Sales on April 8, 1980 was purely voluntary on the part of the debtor and was not at the insistence or request of the Blount National Bank. Chilhowee Trailer Sales was to endeavor to sell the trailer for the debtor under the provisions of a "Consignment Sales Contract" dated April 8, 1980, which is a part of the record in this matter. At no time prior to the filing of the debtor's voluntary petition in bankruptcy on July 10, 1980, did the Blount National Bank call upon Chilhowee Trailer Sales to repurchase the October 17, 1979, "Retail Installment Contract and Disclosure Statement (Security Agreement)" under the provisions of the "Dealer's Assignment" contained in the contract. At no time prior to the filing of the debtor's voluntary petition in bankruptcy did the Blount National Bank take any steps to repossess the trailer owned by the debtor nor did it have his account in a default status.

## II

Under the Uniform Commercial Code, a security interest may be perfected in three ways: (1) filing, (2) automatic perfection and (3) possession. Only the third method is asserted here as the Bank concedes it did not perfect a security interest by filing, that is, by indicating its lien on the certificate of title. T.C.A. 47–9–302(3)(b). *In re Crosson*, 226 F.Supp. 944 (E.D.Tenn.1963); *In re Russell*, 300 F.Supp. 6 (E.D.Tenn. 1969); *In re Wallace*, 251 F.Supp. 581 (E.D. Tenn.1966).

T.C.A. 47–9–302(1)(a) states that

"A financing statement must be filed to perfect all security interests except the following:

(a) a security interest in collateral in possession of the secured party under § 47–9–305. . . ."

T.C.A. 47–9–305 states that

"A security interest in . . . goods . . . may be perfected by the secured party's taking possession of the collateral. . . . If such collateral other than goods covered by a negotiable document is held by a bailee, the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest. . . ."

" 'Secured party' means a lender, seller or other person in whose favor there is a security interest, including a person to whom accounts, contract rights or chattel paper have been sold. . . ." T.C.A. 47–9–105(1)(i).

*In re Simpson*, 4 UCC Rep. 243 (DC WD Mich.1966), the vendor assigned a security agreement covering farm equipment to a bank which failed to perfect a security interest by proper filing. Shortly before the filing of a bankruptcy petition, the vendor took possession of the equipment, "either by repossession or by a voluntary relinquishment by the bankrupt and either on an unconditional basis or conditioned upon the payment of some money on the debt to the vendor." In that case, Judge Nims pointed out that the use of possession as a substitute to filing for validating a security agreement was not new and had long been recognized. "Unless the transfer of possession was a fraud upon the court or the

creditors, or was a voidable preference under the Bankruptcy Act, it would be notice of the security interest of the vendor to the hypothetical creditor created by Sec. 70c of the Bankruptcy Act [now 11 U.S.C.A. 544(a)]. . . ." Further, Judge Nims held it was immaterial that the possession was in the vendor rather than the assignee of the security interest.

As in *Simpson*, the security agreement in question was assigned to the bank with "full recourse." Thus both the bank and Chilhowee Trailer Sales appear to meet the definition of "secured party", T.C.A. 47–9–105(1)(i). Each had a security interest in the vehicles as their interest might appear.

It is true, as asserted by the trustee, that ". . . the debtor or a person controlled by him cannot qualify as such an agent for the secured party. . . ." Official Comments to T.C.A. 47–9–305. However, as stated by the Third Circuit *In re Copeland*, 18 UCC Rep. 833, 843 (1976), it does not follow from Sec. 9–305, "that possession of the collateral must be by an individual under the sole dominion and control of the secured party . . . Rather, we believe that possession by a third party bailee, who is not controlled by the debtor, which adequately informs potential lenders of the possible existence of a perfected security interest satisfies the notice function underlying the 'bailee with notice' provision of Sec. 9–305."

Chilhowee Trailer Sales not only had possession of the trailer but also physical possession of the certificate of title which had been endorsed by the debtor in blank. Thus it does not appear under the facts of this case that a judicial lien creditor or a creditor holding an unsatisfied execution against the debtor could obtain rights in the vehicle which would be superior to the claim of Chilhowee Trailer Sales or the Blount National Bank. 11 U.S.C. § 544(a), (b).

The trustee's objections are overruled. The security interest of Chilhowee Trailer Sales and the Blount National Bank are superior to the rights of the trustee.

IT IS SO ORDERED.