**Thelma DURHAM, Plaintiff-Appellee,**

v.

**WADDELL & REED, INC.,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 22, 1986.

Permission to Appeal Denied by
Supreme Court Oct. 27, 1986.

Oscar C. Carr, III and Dorothy J. Pounders, Glankler, Brown, Billiland, Chase, Robinson & Raines, Memphis, for defendant-appellant.

James E. Bailey, Jr., Mendelson & Bailey, Memphis, for plaintiff-appellee.

HIGHERS, Judge.

This case presents the question of whether an investment advisor firm can be held liable to an investor for the value of individual bonds sold to an investor by the firm's agent, where the agent did not have actual authority to deal in such individual securities.

The defendant, Waddell & Reed, Inc., offers mutual fund investments and a limited number of oil drilling limited partnerships to its customers, but does not engage in full-service brokerage activities. The plaintiff, Mrs. Durham, had been a customer of Waddell & Reed since 1959. Evidence at trial showed that she took a licensing exam and was licensed as a securities representative with Waddell & Reed from 1960 to 1962, although she never actually was employed in selling securities.

In 1977, Mrs. Durham's account was assigned to Mr. Sandridge, a registered representative of Waddell & Reed. Sandridge was promoted to division manager in 1978, and handled several exchanges of municipal bond funds offered by Waddell & Reed for Mrs. Durham between 1977 and 1978. In 1978, Mrs. Durham asked Sandridge where she could invest a retirement benefit so as to gain a higher yield than her other investments had produced. He suggested she invest in a Charles Chips, Inc., bond

issue, in which he personally was investing, and which would mature in ten months at slightly better than ten percent interest. Sandridge testified that he told Mrs. Durham the offer was not authorized to be made through Waddell & Reed, whereas Mrs. Durham testified that she assumed the offer was made through the investment firm and denied that she was told otherwise. Mrs. Durham wrote a check for $19,126.88 to Charles Chips Expansion Bonds, which Sandridge endorsed and cashed on behalf of Charles Chips. Mrs. Durham testified that she experienced some difficulty in obtaining the bond certificates from Sandridge, although he personally delivered them to her at her home five months later. She testified that she did not examine the bonds at that time.

In January 1980, when the bonds were to mature, Sandridge informed Mrs. Durham that Charles Chips, Inc., could not pay her. She then made demand upon the regional sales office of Waddell & Reed, which alleges that it had no previous notice of the unauthorized bond sale. Regional sales office personnel investigated the transaction and suspended Sandridge's employment on the day notice was received, but assumed no responsibility for the transaction although they offered to help Mrs. Durham to collect her money from Sandridge.

Mrs. Durham filed a breach of contract action in Chancery Court against Waddell & Reed and against Sandridge. A non-suit was later granted as to Sandridge, because he was discharged in bankruptcy prior to trial. The Chancery Court entered judgment against defendant Waddell & Reed for the face amount of the bonds plus prejudgment interest from the date of maturity of the bonds.

The issue presented is whether the agent, Sandridge, had apparent authority to bind the principal, Waddell & Reed. The parties do not dispute the fact that Sandridge had no actual authority to sell the Charles Chips bonds as a Waddell & Reed offering; thus, the question is whether Mrs. Durham dealt with Sandridge in the reasonable belief, due to actions of the

principal, that he acted as agent for Waddell & Reed, rather than in an individual capacity, in selling the Charles Chips bonds. An agent is deemed to have acted with the apparent authority of the principal where the principal "knowingly permits the agent to assume ... such authority as a reasonably prudent man, using diligence and discretion, in view of the party's conduct, would naturally suppose the agent to possess." *V.L. Nicholson Co. v. Transcon Inv.*, 595 S.W.2d 474, 483, citing *Rich Printing Co. v. McKellar's Estate*, 46 Tenn.App. 444, 330 S.W.2d 361, 376 (1959).

Under T.R.A.P. 13(d), findings of fact by the trial court are reviewed de novo, with a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. The Chancellor held that Mrs. Durham exercised reasonableness in placing her confidence in Sandridge, and that she was not obligated to investigate the instructions Waddell & Reed gave to Sandridge as to the limits of his authority. We hold that the evidence does not preponderate against a finding that Mrs. Durham entered into the Charles Chips transaction without knowledge that Sandridge exceeded his authority as an agent. The inquiry, however, does not end here.

In determining questions of apparent agency, the apparent power of the agent is determined by acts of the principal, not by acts of the agent. *Kelly v. Cliff Pettit Motors*, 191 Tenn. 390, 234 S.W.2d 822, 824. Acts of the agent alone will not constitute apparent authority, although acts of the principal alone, or authority of the agent traceable to the principal, can create apparent authority. *Sloan v. Hall*, 673 S.W.2d 548 (Tenn.App.1984).

The principal must have affirmatively held the agent out as possessing sufficient authority to embrace the particular act in question or else voluntarily, and in due awareness, actual or constructive, of the agent's assumption of power permitted him to act as if he had the requisite authority ...

2A C.J.S., *Agency* (1972) § 161, p. 798.

Reviewing the proof before us, we find that the principal, Waddell & Reed, had no

actual knowledge that Sandridge exceeded the scope of his authority until January 28, 1980, and that upon learning of the unauthorized sale of Charles Chips bonds, immediately suspended the agent's employment. No evidence shows that Waddell & Reed had any knowledge of the Charles Chips bond sale until Mrs. Durham notified the regional office after failing to obtain payment from Sandridge at maturity of the bonds.

The party alleging an agency relationship and the scope and effect of an agent's apparent authority, bears the burden of proving such allegations to the trier of fact. *Sloan v. Hall,* 673 S.W.2d 548, 551 (Tenn.App.1984). Although the plaintiff here has established that acts of the agent induced her reliance upon his apparent authority to deal in individual securities for Waddell & Reed, the record is barren of proof that Waddell & Reed had either actual or constructive notice of the unauthorized acts in time either to prevent the sale or to ratify it. The plaintiff has not met her burden of showing that the principal explicitly or implicitly permitted the unauthorized sale. Rather, the evidence shows that Sandridge knowingly violated the principal's rule against selling unauthorized bonds, and that Waddell & Reed, upon receiving notice, immediately terminated the principal-agent relationship. We find no conduct by Waddell & Reed justifying imposition of liability against them for clearly unauthorized acts by their agent.

This Court realizes that harsh results may fall upon the plaintiff by our decision, in that Sandridge is bankrupt and thus likely to be "judgment proof." As between Waddell & Reed and Sandridge, however, we find it is obvious that Sandridge was culpable in exceeding his authority as agent, whereas Waddell & Reed as principal acted reasonably to limit the agent's authority. We will not create a right in order to restore a remedy.

The judgment of the trial court is reversed, and the cause herein is dismissed.

Costs are adjudged against the plaintiff-appellee.

TOMLIN, P.J., and FARMER, J., concur.