NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0295n.06
Filed: April 18, 2005

No. 03-6665

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| STEWART CLINE and WILLIAM SPANGLER d/b/a DEMAND STAMPING, | ) | |
| | ) | |
| **Plaintiffs-Appellees,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 1298423 ONTARIO LIMITED D/B/A INTERNATIONAL EQUIPMENT, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Defendant/Third Party Plaintiff-Appellant,** | ) | UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| v. | ) | |
| | ) | |
| PETER BAVETTA, | ) | **O P I N I O N** |
| | ) | |
| **Third-Party Defendant.** | ) | |

BEFORE: NORRIS AND BATCHELDER, Circuit Judges, MILLS,[*] District Judge.

ALAN E. NORRIS, Circuit Judge. Defendant and third-party plaintiff 1298423 Ontario Ltd., doing business as International Equipment, appeals from a decision of the district court granting plaintiff William Spangler's Fed. R. Civ. P. 59(e) motion to alter or amend the jury's verdict in this diversity case. Specifically, defendant contests the court's determination, first, that

---

[*]The Honorable Richard H. Mills, District Court Judge for the Central District of Illinois, sitting by designation.

third-party defendant Peter Bavetta did not act as plaintiffs' agent; and, second, that International

Equipment must reimburse Spangler's entire deposit of $210,000.

**I.**

This appeal follows a jury trial. Briefly, this suit arose when Spangler paid a $210,000

deposit to International Equipment in order to secure the purchase of a stamping press. He made

this payment on behalf of his son-in-law, Stewart Cline, who needed the press to found a metal

stamping business to be known as Demand Stamping. In order to acquire the press, Cline contacted

Peter Bavetta to help him secure financing for the business and to negotiate with International

Equipment. After Spangler paid the deposit, International Equipment gave $110,000 of it to

Bavetta. Ultimately, Cline did not find additional financing and requested that International

Equipment return the full deposit. The company refused, resulting in the instant lawsuit.

The jury returned a verdict in favor of Spangler in the amount of $130,000. According to

the special verdict form, the jury determined that the contract between plaintiffs and International

Equipment was contingent upon Cline's ability to obtain financing and that he was not at fault for

failing to do so.

After trial, Spangler filed a motion to alter or amend the judgment pursuant to Fed. R. Civ.

P. 59(e), which the district court granted, changing the award to the full $210,000 sought in the

complaint. The court concluded that, under Tennessee law, the jury's award was inconsistent with

its verdict. The court decided that "Tennessee law requires that Plaintiff William Spangler be

awarded his entire deposit of $210,000." Order, November 24, 2003, at 4 (citing *Vonkrosigk v.*

*Rankin*, 2000 WL 1483209 at *2 (Tenn. App. Oct. 10, 2000)(unpublished)). The court also

determined that International Equipment failed to establish that Bavetta acted as plaintiffs' agent in the underlying transactions.

**II.**

International Equipment contests the district court's grant of the Rule 59(e) motion and claims that the district court based its decision on the mistaken conclusion that Bavetta was not plaintiffs' agent. The jury did not rule on the issue of agency. Rather, the district court granted a post-trial directed verdict on the issue.

We review a directed verdict de novo and use the same test that the trial court applied. *Powers v. Bayliner Marine Corp.,* 83 F.3d 789, 796 (6th Cir. 1996). A federal court sitting in diversity employs the standard for a directed verdict used by the courts of the state whose substantive law governs the dispute. *Arms v. State Farm Fire & Cas. Co.,* 731 F.2d 1245, 1248 (6th Cir. 1984). In determining whether a directed verdict was properly granted, Tennessee law requires that "trial judges and appellate courts take the strongest legitimate view of the evidence in favor of the plaintiff, allow all reasonable inferences to be drawn therefrom in his favor, discard all countervailing evidence and deny the motion if there is any doubt as to the conclusions to be drawn from the whole evidence; a verdict should be directed only if reasonable minds could draw but one conclusion." *Sauls v. Evans,* 635 S.W.2d 377, 379 (Tenn. 1982).

In Tennessee, the party alleging an agency relationship bears the burden of proof. *Durham v. Waddell & Reed, Inc.*, 723 S.W.2d 129, 131 (Tenn. App. 1986). The principal, either through his acts or conduct, must have clothed the agent with the appearance of authority. *Bells Banking Co. v. Jackson Centre, Inc.*, 938 S.W.2d 421, 424-25 (Tenn. App. 1996); *V.L. Nicholson Co. v. Transcon*

*Inv. and Fin. Ltd., Inc.*, 595 S.W.2d 474, 483 (Tenn. 1980) (apparent authority is what a principal permits an agent to assume or holds out the agent as having).

At trial, the president of International Equipment, Marty Pathak, testified that he was aware that Bavetta was not an employee of Demand Stamping and that he had agreed to pay Bavetta a commission on the sale of the press to Demand Stamping. Our review of this and other testimony presented at trial convinces us that there is insufficient evidence to support a finding of agency because the testimony only demonstrates that Bavetta acted in a manner consistent with his own self-interest. International Equipment has failed to carry its burden of proving that Spangler or Cline clothed Bavetta "with the appearance of authority."

International Equipment also disputes the district court's decision to increase the verdict award to $210,000 to reflect the full amount of plaintiff's original deposit.

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Tennessee law provides that "[a] party's obligation to perform a contract is relieved if that party in good faith is unable to complete conditions precedent by a closing deadline." *Davidson & Jones Dev. Co. v. Elmore Dev. Co., Inc.*, 921 F.2d 1343, 1350 (6th Cir. 1991). Therefore, if a plaintiff cannot satisfy the condition precedent, he is entitled to the return of his "earnest money." *Educational Placement Serv., Inc. v. Watts*, 789 S.W.2d 902 (Tenn.App. 1989).

We are satisfied that Tennessee law supports the district court's conclusion that a plaintiff is entitled to the return of his deposit where, due to no fault of his own, the conditions precedent to

a contract are not met. Because the special verdict form established that the jury found the contract at issue to be contingent, its award of damages less than the full amount of the original deposit was inconsistent with Tennessee law. Thus, the district court's adjustment of the damage award represents the kind of correction of "manifest error" contemplated by Fed. R. Civ. P. 59(e).

**III.**

For the foregoing reasons, the judgment of the district court is **affirmed.**